[Cite as *State v. Kiley*, 2013-Ohio-634.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.    12CA010254 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS E. KILEY | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    08CR075579 |

DECISION AND JOURNAL ENTRY

Dated: February 25, 2013

BELFANCE, Presiding Judge.

{¶1}    Defendant-Appellant Thomas Kiley appeals from the decision of the Lorain County Court of Common Pleas denying his petition for postconviction relief.  For the reasons set forth below, we affirm.

I.

{¶2}    A jury found Mr. Kiley guilty of rape, kidnapping, and domestic violence in 2008. Mr. Kiley was sentenced to a total of five years in prison.  He appealed, and this Court dismissed his appeal because his sentence contained an improper post-release control notification.  We vacated the trial court's sentencing entry and remanded the matter for a new sentencing hearing. On December 15, 2009, Mr. Kiley, through counsel, filed a petition for postconviction relief.  On December 23, 2009, the trial court dismissed Mr. Kiley's petition concluding that, because his sentence was void, there was no conviction upon which to request relief.  That same day, a new sentencing entry was journalized.  Mr. Kiley again appealed, challenging both his conviction and

the dismissal of his petition for postconviction relief. *See State v. Kiley*, 9th Dist. No. 10CA009757, 2011-Ohio-1156. We affirmed his conviction but concluded that "this Court should not have vacated Mr. Kiley's sentence[ and] * * * remand[ed] th[e] matter for consideration of his petition for post-conviction relief." *Id.* at ¶ 34.

{¶3} Mr. Kiley filed an amended petition for postconviction relief which included several additional affidavits and three new arguments.[1] The trial court denied Mr. Kiley's petition without a hearing and concluded that all Mr. Kiley's arguments were barred by res judicata. Mr. Kiley has appealed, pro se, raising three assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED IT[S] DISCRETION BY DENYING MR. KILEY'S PETITION FOR POST CONVICTION RELIEF BASED ON JUROR MISCONDUCT OF TALKING ON THEIR CELL PHONES ABOUT THE CASE AND AMONGST THEMSELVES DURING TRIAL IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED IT[S] DISCRETION BY DENYING MR. KILEY'S PETITION FOR POST CONVICTION RELIEF THAT CONFIRMED HE WAS CONVICTED WITH THE USE OF PERJURED TESTIMONY IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS[.]

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED IT[S] DISCRETION BY DENYING MR. KILEY'S PETITION FOR POST CONVICTION RELIEF BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS[.]

---

[1] The record also indicates that Mr. Kiley filed an additional petition for postconviction relief in 2010. However, that document is not part of the record on appeal. Nonetheless, from the trial court's entry ruling on the instant matter it does not appear that the trial court was considering the 2010 filing in its ruling, nor does it appear that this appeal involves any challenges related to that document.

{¶4}   Mr. Kiley asserts in his three assignments of error that the trial court abused its discretion in denying his petition for postconviction relief based upon his three new arguments contained in his amended petition and accompanying evidentiary materials.  He does not appear to challenge the trial court's conclusion that his original four arguments were barred by res judicata because they were identical to the arguments he made in his prior appeal.

{¶5}   We review a trial court's decision denying a petition for post-conviction relief for an abuse of discretion.  *State v. Wesson,* 9th Dist. No. 25874, 2012-Ohio-4495, ¶ 10.  Petitions for postconviction relief are governed by R .C. 2953.21, which provides in pertinent part:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.  The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶6}   Before granting a hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief.  In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *."  R.C. 2953.21(C).  If the trial court finds no grounds for granting relief, it must make findings of fact and conclusions of law supporting its denial of relief.  R.C. 2953.21(G).

> The petitioner is not automatically entitled to a hearing on the petition. The trial court serves a gatekeeping function in postconviction relief cases—it determines whether the petitioner will even receive a hearing.  A trial court may dismiss a petition without a hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.  The gatekeeping function includes the trial court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the

affidavits submitted. On appeal, a court reviewing the trial court's decision in regard to its gatekeeping function should apply an abuse-of-discretion standard.

(Internal quotations and citations omitted.) *Wesson* at ¶ 9.

{¶7} "Even assuming a defendant is able to state a cognizable claim of a constitutional error, a trial court may deny a defendant's petition for postconviction relief if the claim[] raised in the petition is barred by the doctrine of res judicata." (Internal quotations omitted.) *State v. Smith*, 9th Dist. No. 02CA0068, 2003-Ohio-4264, ¶ 10. "Under the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings under R.C. 2953.21 et seq. where they have already been or could have already been litigated by the convicted defendant, while represented by counsel, either before conviction or on direct appeal." *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, ¶ 19. "Res judicata applies if the petition for post-conviction relief does not include any material dehors the record in support of the claim for relief." (Internal quotations and citations omitted.) *State v. Fry,* 9th Dist. No. 26121, 2012-Ohio-2602, ¶ 4. To defeat the application of res judicata, the evidence presented from outside the record "must demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record." (Internal quotations and citation omitted.) *Id.*

{¶8} In his amended petition, Mr. Kiley asserted that he was entitled to postconviction relief because of (1) alleged juror misconduct concerning jurors talking on their cell phones about the case; (2) the failure to call witnesses who could exonerate him; and (3) ineffective assistance of counsel for failing to investigate and call witnesses and for failing to object to the juror misconduct or bring it to the court's attention. Mr. Kiley submitted five affidavits in support of his amended petition.

{¶9} With respect to Mr. Kiley's assertion of juror misconduct, the trial court concluded that, because the affidavits he presented make it clear that he was aware of the issue prior to his direct appeal, that argument was barred by res judicata. With respect to the arguments related to the failure to call witnesses and Mr. Kiley's claim of ineffective assistance of counsel, the trial court concluded that those arguments could have been raised on direct appeal and, thus, were barred by res judicata as well. We cannot say that Mr. Kiley's arguments are barred by res judicata.

{¶10} Given that the issues of the alleged juror misconduct and the failure to call witnesses were not discussed at trial, we fail to see how Mr. Kiley could have raised these issues on direct appeal as doing so would involve information outside the record. *See State v. Garfield,* 9th Dist. No. 09CA009741, 2011-Ohio-2606, ¶ 59. The fact that Mr. Kiley was aware of the issues at the time of his direct appeal does not mean that he could successfully have raised the issues in his direct appeal when he had no evidence in the record to support his assertions. *See id.* Nonetheless, "this Court will not reverse a correct judgment merely because of a flaw in the trial court's analysis." *Wesson,* 2012-Ohio-4495, at ¶ 31. Because this Court concludes that Mr. Kiley failed to "set forth sufficient operative facts to establish substantive grounds for relief[]" to warrant a hearing, we conclude the trial court did not err in denying Mr. Kiley's petition without a hearing. (Internal quotations and citation omitted.) *Id.* at ¶ 9.

{¶11} Mr. Kiley's supporting affidavits do not present sufficient facts to support his claims for relief. Instead, the affidavits are conclusory in nature and lack specific information to support Mr. Kiley's assertions. *See State v. Calhoun,* 86 Ohio St.3d 279, 284 (1999); *see also State v. Clutter,* 9th Dist. No. 24096, 2008-Ohio-3954, ¶ 11. With respect to Mr. Kiley's argument concerning alleged juror misconduct, the affiants only assert that the jurors were

observed talking on their cell phones about Mr. Kiley's case. There are no facts in the affidavits evidencing the content of the conversations or facts evidencing that Mr. Kiley was prejudiced by what was said. *See Calhoun,* 86 Ohio St.3d at 283 ("[I]t is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled.").

{¶12} With respect to Mr. Kiley's assertion that he was entitled to postconviction relief based upon a failure to call certain witnesses, the affidavits related to that argument also do not allege sufficient facts to warrant a hearing. The affidavits of the proposed witnesses simply indicate that they have information that will exonerate Mr. Kiley but do not indicate what information they have or how it would exonerate him. Further, to the extent that the affidavit of one proposed witness does offer what evidence she would testify to, there is nothing in the affidavit which indicates that that evidence would have materially affected the outcome of Mr. Kiley's trial. *See id.* at 283. It appears the witness would testify to the manner in which Mr. Kiley left the crime scene in his truck. It is not apparent how the inclusion of this evidence would have altered the result of Mr. Kiley's trial.

{¶13} As for Mr. Kiley's argument that he is entitled relief based upon trial counsel's failure to raise the issue of juror misconduct and trial counsel's failure to fully investigate and call certain witnesses, that argument is essentially founded upon the merits of Mr. Kiley's other two arguments. As noted above Mr. Kiley's evidentiary materials do not contain sufficient facts to establish substantive grounds for relief. *Wesson,* 2012-Ohio-4495, at ¶ 9. Mr. Kiley has not presented sufficient facts demonstrating that he was prejudiced by his trial counsel's failures to object or call witnesses. *See State v. Mundt,* 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. Thus,

Mr. Kiley has not demonstrated that the trial court abused its discretion in denying his petition without a hearing. Accordingly, Mr. Kiley's three assignments of error are overruled.

III.

{¶14} In light of the foregoing, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent. In light of this Court's determination that the issues raised by Mr. Kiley's petition were not barred by the doctrine of res judicata, I would remand this matter to the trial court to consider those issues and render a judgment in the first instance.

APPEARANCES:

THOMAS KILEY, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.