[Cite as *State v. Hach*, 2014-Ohio-682.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27102 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS HACH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 1999 03 0439 |

DECISION AND JOURNAL ENTRY

Dated: February 26, 2014

WHITMORE, Judge.

{¶1}    Appellant, Thomas Hach, appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief.  This Court affirms.

I

{¶2}    This case has an extensive procedural history, most of which does not impact this appeal.  Therefore, we will limit our discussion to include only the relevant portion.

{¶3}    In August 1999, Hach was convicted by jury of eleven counts of rape and ten counts of gross sexual imposition.  *State v. Hach*, 9th Dist. Summit No. 19772, 2001 WL 7381 (Jan. 3, 2001).  This Court affirmed his convictions in 2001.  *Id.*  In August 2013, Hach filed a petition for post-conviction relief, arguing that he was entitled to relief under a new right recognized by the United States Supreme Court in *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151 (2013).  The trial court denied his petition.  Hach now appeals and raises two

assignments of error for our review. To facilitate the analysis, we consolidate the assignments of error.

## II

### Assignment of Error Number One

WHETHER A PETITION FOR POST CONVICTION RELIEF ASSERTING A CLAIM OF ERROR UNDER, *ALLEYNE V. UNITED STATES* 131 S. CT. 2151, 2013, U. S. LEXIS 4543 (2013), RELIES ON A "NEW RULE OF CONSTITUTIONAL LAW, MADE RETROACTIVE TO CASES ON COLLATERAL REVIEW BY THE SUPREME COURT," WITHIN THE MEANING OF O.R.C.§2953.21, O.R.C.§2953.23.

### Assignment of Error Number Two

WHETHER THE NEW RULE OF CONSTITUTIONAL LAW ANNOUNCED BY THE UNITED STATES SUPREME COURT IN *ALLEYNE V. UNITED STATES* 131 S. CT. 2151, 2013, U. S. LEXIS 4543 (2013), WAS MADE RETROACTIVELY APPLICABLE TO PETITIONERS SEEKING COLLATERAL REVIEW OF THEIR CONVICTIONS.

**{¶4}** In his two assignments of error, Hach argues that the United States Supreme Court recently recognized a "new rule" in *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151 (2013), and, in light of this new rule, the court could not have imposed the sentence that it did. Therefore, according to Hach, he is entitled to post-conviction relief. We disagree.

**{¶5}** "Generally, this Court reviews a trial court's denial of a [post-conviction relief] petition for an abuse of discretion." *State v. Perry*, 9th Dist. Summit No. 26766, 2013-Ohio-4466, ¶ 7. However, if the petition is denied on the basis of an issue of law, this Court's review is de novo. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.*, citing *State v. Samuels*, 9th Dist. Summit No. 24370, 2009-Ohio-1217, ¶ 3-7. Therefore, a de novo standard of review is applicable here.

{¶6} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. R.C. 2953.21 provides, in relevant part, that:

> [a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a). R.C. 2953.21(A)(2) provides, in relevant part, that, "a petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Hach was convicted in August 1999, and his conviction was affirmed by this Court in 2001. Therefore, his petition for post-conviction relief, filed in August 2013, was untimely.

{¶7} A trial court may not entertain an untimely petition for post-conviction relief unless the petitioner shows that: (1) either he or she "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, [after the filing deadline], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and (2) the petitioner shows, by clear and convincing evidence, that, but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a)-(b).

{¶8} Even assuming Hach's argument is true, that *Alleyne* recognizes a new right that applies retroactively to him, he makes no argument that "but for constitutional error at trial[] no reasonable factfinder would have found [him] guilty of the offense[s] of which [he] was convicted." R.C. 2953.23(A)(1)(b). Hach merely argues that his sentences would have been different, i.e., his sentences would have been the statutory minimum and would have run concurrently instead of consecutively. However, "[t]he plain language of R.C. 2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context." *State v. Barkley*, 9th Dist. Summit No. 22351, 2005-Ohio-1268, ¶ 10-11. Because Hach's untimely petition for post-conviction relief did not satisfy R.C. 2953.23(A)(1)(b), the court did not err in denying his petition.

{¶9} Hach's assignments of error are overruled.

III

{¶10} Hach's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

────────

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

THOMAS HACH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.