[Cite as *State v. Ross*, 2014-Ohio-2038.]

STATE OF OHIO      )　　　　　　　IN THE COURT OF APPEALS
                    )ss:　　　　　　NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO

     Appellee

     v.

DENNY ROSS

     Appellant

C.A. No.     27180

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1999-05-1098 A

DECISION AND JOURNAL ENTRY

Dated: May 14, 2014

WHITMORE, Judge.

{¶1} Defendant-Appellant, Denny Ross, appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief. This Court affirms.

I

{¶2} In 1999, Hannah Hill was murdered. Ross was tried for her murder, but his first trial resulted in a mistrial. Many years of litigation followed, as Ross challenged the propriety of a retrial in both state and federal court. In 2012, the retrial finally occurred, and the jury convicted Ross. Specifically, Ross was convicted of murder, felony murder with felonious assault as the predicate offense, tampering with evidence, gross abuse of a corpse, and felonious assault. The trial court sentenced Ross to 19 years to life in prison.

{¶3} On September 27, 2013, Ross filed a petition for post-conviction relief, as well as a motion to conduct discovery on his petition. The basis for the petition was that, after the jury

was discharged, Ross' father visited the "Remembering Hannah Hill" website page and saw a picture of a woman he believed to be the jury foreperson listed as a "friend" of the website page. Ross argued that he was entitled to a hearing on his petition as well as to discovery to determine the date on which the foreperson had joined the website. According to Ross, the fact that the foreperson had identified herself as a friend of the website was evidence that she was not impartial. As such, he asked the court to vacate his convictions based on a violation of his Sixth Amendment right to be tried by an impartial jury. The State opposed Ross' petition, and Ross filed a brief in reply. On November 8, 2013, the trial court denied Ross' petition without a hearing. The court's decision also denied Ross' request for discovery.

{¶4} Ross now appeals from the trial court's denial of his petition and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S POST-CONVICTION PETITION BECAUSE THE JURY FOREPERSON EXHIBITED EXTREME AND INHERENTLY PREJUDICIAL MISCONDUCT WHEN SHE, SHORTLY AFTER THE VERDICTS WERE RETURNED, APPLIED TO BECOME AN INTERNET FRIEND OF THE "REMEMBERING HANNAH HILL" INTERNET BLOG, A BLOG ASSOCIATED WITH THE ALLEGED MURDER VICTIM, ALL IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS AS PROTECTED BY UNITED STATES CONST. AMEND. VI AND OHIO CONST. ART. I § 10.

{¶5} In his first assignment of error, Ross argues that the trial court erred when it denied his petition for post-conviction relief without first holding a hearing. We disagree.

{¶6} This Court reviews a trial court's decision to deny a post-conviction relief petition for an abuse of discretion. *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 11, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. Likewise, "[w]e

review a trial court's decision not to hold a hearing on a petition for post-conviction relief for an abuse of discretion." *State v. Chesrown*, 9th Dist. Summit No. 26336, 2014-Ohio-680, ¶ 7. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} R.C. 2953.21(A)(1)(a) permits a person who has been convicted of a criminal offense to petition the court for post-conviction relief where "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." If the trial court agrees, it may "vacate or set aside the judgment or sentence or [] grant other appropriate relief." R.C. 2953.21(A)(1)(a). The trial court serves a "gatekeeping function in the post[-]conviction relief process." *Gondor* at ¶ 52. "The gatekeeping function includes the trial 'court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted.'" *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 9, quoting *Gondor* at ¶ 52. "[A] trial court properly denies a defendant's petition * * * without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶8} The only item Ross submitted in support of his petition was an affidavit from his father, Allen Ross. In his affidavit, Allen Ross averred:

> 2. That after the verdicts were returned in this case I scanned the internet looking for comments posted regarding my son's conviction. I did this shortly after the verdicts were returned on October 5, 2012. That day was a Friday and I believe it was the next day that I checked;

3. While browsing the Remembering Hannah Hill website I saw a picture of a woman I recognized as the foreperson of my son's jury. The publication identified her as a person who had become a friend of a website "Remembering Hannah Hill";

4. The "Remembering Hannah Hill" website is and was a website dedicated to the memory of Hannah Hill, the alleged victim of the murder for which my son was convicted * * * .

Ross argued that the foreperson's identification of herself "as a friend of the Hannah Hill website calls into question her ability to sit as a disinterested juror."

{¶9}   The trial court denied Ross' petition on the basis that it failed to set forth any substantive evidence that juror misconduct had occurred during the trial. The court noted that the trial was over and the jury already had been discharged at the time Allen Ross allegedly saw the foreperson on the Remembering Hannah Hill website. The court further noted that Ross had not included a copy of the website page with the foreperson's picture in his petition. Because Ross' petition was premised upon "a mere hunch" that misconduct had occurred during the trial, the court concluded that Ross had failed to set forth "sufficient operative facts to establish substantive grounds for relief."

{¶10}  Having reviewed the record, we cannot conclude that the trial court abused its discretion by denying Ross' petition without a hearing. Ross acknowledges on appeal that his father did not visit the website in question until after the court had accepted the jury's verdict and had discharged the jurors from their duties. By then, "the jurors had satisfied their official task and were free to discuss the case." *State v. Williams*, 99 Ohio St.3d 439, 2003-Ohio-4164, ¶ 99. Ross did not produce any evidence that the foreperson joined the website while serving on the jury or that she had, in fact, disregarded her oath to remain impartial during the trial. *See State v. Kiley*, 9th Dist. Lorain No. 12CA010254, 2013-Ohio-634, ¶ 11 (insufficient operative facts alleged where affidavits failed to contain evidence of the content of conversations that jurors

were alleged to have had about the case on their cell phones). Any suggestion that the foreperson joined the website before the trial ended or that her membership affected her impartiality during the trial is mere speculation. *See Chesrown*, 2014-Ohio-680, at ¶ 11-12 (post-conviction relief arguments rejected as mere speculation). *See also State v. English*, 9th Dist. Lorain No. 99CA007408, 2000 WL 254912, *4 (Mar. 8, 2000) ("Conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to post[-]conviction relief.").

**{¶11}** Notably, Ross' petition did not even set forth proof that the foreperson had actually joined the website. Ross did not include a copy of the website page showing the foreperson and/or her name, and, in his affidavit, Allen Ross only averred that he saw a picture of "a woman" who he "recognized as the foreperson." The record supports the trial court's conclusion that Ross failed to allege "sufficient operative facts to establish substantive grounds for relief." *Calhoun*, 86 Ohio St.3d at paragraph two of the syllabus. As such, Ross' first assignment of error is overruled.

Assignment of Error Number Two

> THE TRIAL COURT ERRED IN FAILING TO PERMIT APPELLANT DISCOVERY, DENYING HIM DUE PROCESS OF LAW IN VIOLATION OF UNITED STATES CONSTITUTION AMEND. VI.

**{¶12}** In his second assignment of error, Ross argues that the trial court erred by not allowing him to conduct discovery on his post-conviction relief petition before denying it. We disagree.

**{¶13}** "This Court has long held that there is no right to discovery in a post[-]conviction proceeding." *Wesson*, 2012-Ohio-4495, at ¶ 111. That is because post-conviction relief is a civil, statutory remedy whose procedures are governed by R.C. 2953.21. *State v. Craig*, 9th Dist.

Summit No. 24580, 2010-Ohio-1169, ¶ 6. "That section does not provide for discovery." *Id.* Although Ross' brief contains a blanket statement that R.C. 2953.21 is unconstitutional, he has failed to support that statement with any argument or citation to applicable legal authority. *See* App.R. 16(A)(7). Consequently, we abide by our precedent and conclude that a post-conviction relief petitioner is not entitled to discovery. *Wesson* at ¶ 111. Ross' second assignment of error is overruled.

## III

{¶14} Ross' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶15}** Based upon this Court's long-standing precedent, I concur in the majority's judgment. *See State v. Craig*, 9th Dist. Summit No. 24580, 2010-Ohio-1169, ¶ 45-48 (Belfance, J., concurring in judgment only).

<u>APPEARANCES:</u>

LAWRENCE J. WHITNEY, Attorney at Law, for Appellant.

TIMOTHY J. MCGINTY, Prosecuting Attorney, and CHRISTOPHER D. SCHROEDER and MATTHEW E. MEYER, Assistant Prosecuting Attorneys, for Appellee.