[Cite as *State v. Jones*, 2014-Ohio-5784.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| STATE OF OHIO | C.A. No. 27294 |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK J. JONES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 06 1136(B) |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

MOORE, Judge.

{¶1} Appellant, Mark Jones, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms the trial court's judgment.

I.

{¶2} Mr. Jones was convicted in 1990 of Aggravated Trafficking and Failure to Comply with Signal or Order of Police Officer, along with two specifications. This appeal relates to his aggravated trafficking conviction, for which he was sentenced to an indefinite term of 6 to 25 years in prison with 5 years of actual incarceration.

{¶3} This Court affirmed his conviction on direct appeal. His petitions for postconviction relief were denied in 1994 and 2012. In 2014, he moved to correct a void sentence. He alleged it was void because the maximum sentence for a second degree felony offense was 15 years, so the 25-year sentence violated the statute and was void. The State

responded in opposition. The trial court denied his motion because it was a successive, untimely petition for postconviction relief.

{¶4} Mr. Jones has appealed and asserted three assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN NOT CONDUCTING A DE NOVO HEARING AS THE TRIAL COURT FAILED TO IMPOSE THE CORRECT TERM MANDATED BY FORMER R.C. 2929.11 WHEN IMPOSING THE STATUTORILY MANDATED TERM PURSUANT TO STATE V. JORDAN.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT TREATED [MR. JONES'] MOTION TO CORRECT VOID SENTENCE AS AN UNTIMELY PETITION FOR POST-CONVICTION RELIEF.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY RULING [MR. JONES'] VOID JUDGMENT ARE [SIC.] BARRED BY RES JUDICATA.

{¶5} In his three assignments of error, Mr. Jones asserts that his sentence is void and that the trial court erred by treating his motion to correct a void sentence as a petition for post-conviction relief. We do not agree.

{¶6} We begin our analysis by reviewing Mr. Jones' claim that his sentence is void. In his motion, he argued that the maximum sentence the trial court could impose for his conviction for aggravated trafficking was 15 years and, therefore, the 25-year sentence he received violated the statutory authority and was void.

{¶7} Mr. Jones was indicted for aggravated trafficking under R.C. 2925.03(A)(6) and a supplement to the indictment also charged that he had previously been convicted of aggravated trafficking. A jury found Mr. Jones guilty as charged in the indictment. Pursuant to R.C.

2925.03(C)(6), aggravated trafficking is a second degree felony with a maximum 15 year sentence *unless* the defendant has previously been convicted of a felony drug abuse offense. Because Mr. Jones had previously been convicted of aggravated trafficking (a felony drug abuse offense), the aggravated trafficking offense for which he was convicted was a first degree felony with a maximum 25 year sentence. R.C. 2925.03(C)(6). The trial court did not, therefore, impose a sentence in violation statutory authority and Mr. Jones' sentence is not void.[1]

{¶8} Mr. Jones also argued that the trial court erred by treating his motion as an untimely petition for postconviction relief. R.C. 2953.21(A)(1)(a) authorizes a criminal defendant who claims that his judgment is void to file a petition seeking to set aside the judgment. If a criminal defendant, after direct appeal, moves to correct his sentence on the basis that his constitutional rights have been violated, the motion is a petition for postconviction relief. *State v. Reynolds,* 79 Ohio St.3d 158 (1997), syllabus. Mr. Jones' motion asking the trial court to vacate his sentence because it violated his constitutional rights constituted a petition for postconviction relief.

{¶9} We review a trial court's decision denying a petition for postconviction relief under an abuse-of-discretion standard. *State v. Craig,* 9th Dist. Summit No. 24580, 2010-Ohio-1169, ¶ 14. An abuse of discretion connotes that a trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶10} The trial court did not abuse its discretion in denying Mr. Jones' motion as an untimely, successive petition for postconviction relief. He alleged that the trial court imposed a

---

[1] Mr. Jones appears to be correct about an error, albeit a clerical one, in his sentencing entry. The entry states that he was convicted of a second degree felony, but it should have said a first degree felony.

sentence of 25 years in violation of the statutory limit of 15 years. He did not, however, argue why the trial court could consider his untimely, successive petition, as required by R.C. 2953.21

{¶11} Here, over 20 years elapsed between filing the transcript in his direct appeal and his filing of his third petition for postconviction relief. Therefore, his petition was untimely. Mr. Jones did not argue that the exceptions contained in R.C. 2953.23(A)(1) apply to this case. Accordingly, the trial court lacked authority to consider the merits of Mr. Jones' petition, and there was no error in denying his petition for postconviction relief.

{¶12} Mr. Jones also asserts that the trial court erred when it concluded that his claim was barred by res judicata. It is well settled that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton,* 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37. Because Mr. Jones' argument could have been raised in his direct appeal, it is now precluded by the doctrine of res judicata. *See State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶13} The trial court properly denied Mr. Jones' motion to correct void sentence, reviewed his motion as a petition for postconviction relief, and Mr. Jones was properly sentenced in 1990 to a maximum term of 25 years. Accordingly, Mr. Jones' assignments of error are overruled.

III.

{¶14} Mr. Jones' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

CARLA MOORE
FOR THE COURT

HENSAL. J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

MARK J. JONES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.