[Cite as *State v. Wharton*, 2015-Ohio-4566.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27656 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES M. WHARTON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2005 08 2925 |

DECISION AND JOURNAL ENTRY

Dated: November 4, 2015

WHITMORE, Judge.

{¶1} Defendant-Appellant, James Wharton, now appeals from the judgment of the Summit County Court of Common Pleas, denying his petition to vacate his judgment of conviction. This Court affirms.

I

{¶2} In 2005, a grand jury indicted Wharton on one count each of murder, felony murder, and felonious assault, which also served as the predicate offense for his felony murder charge. The court later dismissed the murder count, and the remaining two counts were submitted to a jury. The jury found Wharton guilty of felonious assault, but hung on his felony murder count. Consequently, the court delayed Wharton's sentencing on the felonious assault count and set the matter for retrial on the felony murder count.

{¶3} A second jury found Wharton guilty of felony murder. The court then sentenced him on both of his counts and ordered the sentences to run concurrently for a total sentence of 15

years to life in prison. Wharton obtained new counsel and filed a direct appeal. In 2007, this Court affirmed his convictions. *See State v. Wharton*, 9th Dist. Summit No. 23300, 2007-Ohio-1817.

{¶4} In 2010, Wharton again obtained new counsel and filed a motion for resentencing. He argued that he was entitled to a resentencing because the trial court had failed to properly impose post-release control upon him. The State conceded the error, and the trial court held a de novo sentencing hearing. The court imposed the same prison terms upon Wharton that it had previously imposed, but also determined for the first time that Wharton's offenses were allied offenses of similar import. As such, it merged Wharton's felonious assault count with his felony murder count. It did not, however, include any reference to post-release control in its sentencing entry, and Wharton once again appealed. *See State v. Wharton*, 9th Dist. Summit No. 25662, 2011-Ohio-6601.

{¶5} On appeal, Wharton raised two double jeopardy arguments and asked this Court to vacate his felony murder conviction. We determined that Wharton's arguments were barred by res judicata because, "[s]ubject to post-conviction remedies that may be available, it is long-standing precedent in Ohio that res judicata bars the consideration of issues that were raised or could have been raised on direct appeal." *Id.* at ¶ 10. We also determined, however, that the trial court exceeded its sentencing authority when it addressed sentencing matters that did not relate to post-release control. *Id.* at ¶ 9. We noted that Wharton's original sentencing entry remained valid and was only void in part due to the post-release control error that it contained. *Id.* Consequently, we vacated the court's new sentencing entry and remanded the matter for resentencing, strictly with regard to the matter of post-release control. *Id.*

{¶6}    Almost three years after this Court's remand, Wharton once again obtained new counsel and filed a petition to vacate his judgment and sentence.  In his petition, he asserted that his double jeopardy rights were violated when he was tried on his felony murder charge for a second time.  Wharton acknowledged that he had not filed his petition for several years, but argued that he was unavoidably prevented from filing a timely petition due to his former counsels' ineffectiveness.  The State responded and asked the trial court to reject Wharton's petition on the basis of either untimeliness or res judicata.  The trial court agreed with the State's position and denied Wharton's petition on both bases.

{¶7}    Wharton now appeals from the trial court's judgment and raises two assignments of error for our review.  For ease of analysis, we consolidate the assignments of error.

## II

### Assignment of Error Number One

THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES PROHIBITS THE SUCCESSIVE PROSECUTION OF APPELLANT FOR THE OFFENSE OF MURDER, IN VIOLATION OF R.C. 2903.02(B), SUBSEQUENT TO A CONVICTION FOR THE OFFENSE OF FELONIOUS ASSAULT, IN VIOLATION OF R.C. 2903.11(A)(1).

### Assignment of Error Number Two

A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, ASSERTING TRIAL COUNSEL AND APPELLATE COUNSELS' FAILURE TO ASSERT THE CONSTITUTIONAL DEFENSE OF DOUBLE JEOPARDY, IS NOT WAIVED WHEN THE DEFENDANT/APPELLANT JUSTIFIABLY RELIED UPON THE LEGAL QUALIFICATIONS OF HIS ATTORNEYS.

{¶8}    In his first assignment of error, Wharton argues that his double jeopardy rights were violated when he was prosecuted a second time for felony murder.  In his second assignment of error, he argues that he received ineffective assistance of counsel because none of

his former attorneys raised a double jeopardy argument via either direct appeal or in a more timely-filed petition for post-conviction relief.

{¶9}   "Generally, this Court reviews a trial court's denial of a [post-conviction relief] petition for an abuse of discretion." *State v. Perry*, 9th Dist. Summit No. 26766, 2013-Ohio-4466, ¶ 7.  "When a trial court denies a petition solely on the basis of an issue of law, however, this Court's review is de novo." *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9.  Because the trial court here denied Wharton's petition on the bases of timeliness and res judicata, we review this matter de novo. *See id.  See also State v. Prade*, 9th Dist. Summit No. 26775, 2014-Ohio-1035, ¶ 18.

{¶10} "[P]ost-conviction relief is a civil, statutory remedy whose procedures are governed by R.C. 2953.21." *State v. Ross*, 9th Dist. Summit No. 27180, 2014-Ohio-2038, ¶ 13. At the time Wharton filed his petition, that statute provided that a petition for post-conviction relief had to be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Former R.C. 2953.21(A)(2).

> A trial court may not entertain an untimely petition for post-conviction relief unless the petitioner shows that: (1) either he or she "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, [after the filing deadline], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and (2) the petitioner shows, by clear and convincing evidence, that, but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty.

*State v. Hach*, 9th Dist. Summit No. 27102, 2014-Ohio-682, ¶ 7, quoting R.C. 2953.23(A)(1)(a)-(b).  Moreover, "[a] petition for post-conviction relief may be dismissed without a hearing, based upon the doctrine of res judicata, when the petitioner could have raised the issues in his petition

at trial or on direct appeal without referring to evidence outside the scope of the record." *State v. Houser*, 9th Dist. Summit No. 21555, 2003-Ohio-6811, ¶ 21.

**{¶11}** Wharton filed his petition for post-conviction relief more than eight years after his trial transcripts were filed in this Court. As such, he filed his petition well past the 180-day time limit contained in Former R.C. 2953.21(A)(2). Wharton did not premise any portion of his petition upon any new federal or state right. *See* R.C. 2953.23(A)(1)(a). Accordingly, the trial court could not consider his petition unless he demonstrated that he was unavoidably prevented from discovering the facts upon which he based his claim for relief. *See id.* The record reflects that he failed to do so.

**{¶12}** Wharton argued to the trial court that it should entertain his untimely petition because he had justifiably relied upon his former attorneys to identify his double jeopardy argument and to advance it in a timely manner. Yet, the post-conviction relief statute requires a defendant to have been unavoidably prevented from discovering *facts* that may create a claim for relief. *See* R.C. 2953.23(A)(1)(a). It does not afford a defendant a second chance to advance a legal argument that could have been raised upon the original trial record. *See Houser* at ¶ 21-22. *See also State v. Jackson*, 9th Dist. Summit No. 18208, 1997 WL 576380, *3 (Sept. 10, 1997) (post-conviction relief is not meant to provide a "second bite of the apple"). At the time of Wharton's direct appeal, it was clear that his felony murder conviction stemmed from a second prosecution. It was also clear that his trial counsel did not raise a double jeopardy argument at the time of his second trial. Wharton was not unavoidably prevented from discovering either fact. Accordingly, the court did not err by concluding that his petition was untimely.

**{¶13}** Moreover, the trial court did not err by concluding that Wharton's arguments were barred by res judicata. *See State v. Jones*, 9th Dist. Summit No. 27294, 2014-Ohio-5784, ¶

12; *State v. Bryant*, 9th Dist. Summit No. 26774, 2013-Ohio-4996, ¶ 7. Wharton could have asserted either his double jeopardy argument or his ineffective assistance argument on direct appeal, as both were predicated upon facts that were evident on the face of the record. *See State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 46, quoting *State v. Walker*, 8th Dist. Cuyahoga No. 74773, 2000 WL 868503, *6 (June 20, 2000) ("Claims of ineffective assistance of counsel on appeal, like most other claims in litigation, must be raised at the earliest opportunity to do so."); *State v. Blankenship*, 9th Dist. Wayne No. 2182, 1987 WL 5443, *2 (Jan. 14, 1987) (double jeopardy claim barred by res judicata where it could have been raised on direct appeal). As such, the trial court did not err by denying his petition for post-conviction relief. Wharton's assignments of error are overruled.

### III

{¶14} Wharton's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JAMES L. BURDON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.