[Cite as *State v. Aultman*, 2017-Ohio-758.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-188 |
| | : | |
| WILLIAM E. AULTMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of March, 2017.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee


GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 1886 Brock Road NE, Bloomingburg, Ohio 43106
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, William E. Aultman, appeals from the decision of the Champaign County Court of Common Pleas dismissing his petition for postconviction relief in which Aultman requested his sentence be vacated on grounds that his constitutional rights to due process and effective assistance of counsel were violated during his sentencing hearing. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On July 2, 2013, Aultman was charged by bill of information with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. The charges arose from allegations that Aultman placed his hand on the genitalia of two minors who were less than 13 years of age.

{¶ 3} At his arraignment, Aultman accepted service of the bill of information, waived the reading of the bill of information, waived his right to indictment by grand jury, and pled guilty as charged pursuant to a plea agreement with the State. In exchange for Aultman's guilty plea, the State agreed not to pursue charges for sexual misconduct against an alleged third minor victim. The State also agreed to recommend and review a presentence investigation report prior to sentencing. In addition, the parties jointly agreed that a prison sentence was presumed, but not mandatory, under RC. 2907.05(C)(2)(a)-(b).

{¶ 4} After Aultman entered his guilty plea, the trial court accepted the plea, ordered a presentence investigation, and scheduled the matter for sentencing. At

sentencing, the trial court classified Aultman as a Tier II sex offender and then proceeded to consider several matters before imposing a sentence. Specifically, the trial court considered the presentence investigation report and the statements given by counsel and the victims' representatives at the sentencing hearing. The trial court also considered Aultman's answers to various questions posed by the court at the sentencing hearing regarding Aultman's own history of sexual abuse as a child, his military history, the prior instances of sexual abuse that he had admitted to committing against earlier generations of victims, and his failure to seek treatment or counseling. After considering these issues, the trial court sentenced Aultman to serve five years in prison for each of his gross sexual imposition offenses and ordered each sentence to be served consecutively for a total prison term of ten years. The trial court also ordered Aultman to pay an aggregate fine of $2,000 and court costs.

{¶ 5} Aultman did not file a direct appeal from his conviction and sentence. However, almost three years after being sentenced, on May 13, 2016, Aultman filed a petition for postconviction relief. In his petition, Aultman conceded his guilt, but requested his sentence be vacated on grounds that his constitutional right to due process was violated during the sentencing hearing when the trial court questioned him about his failure to seek counseling. Specifically, Aultman argued that the trial court's questions on that topic could only be answered by a professional, not a "disturbed layman" such as himself. Aultman also argued that his trial counsel was ineffective in failing to object to the trial court's line of questioning at the sentencing hearing.

{¶ 6} On June 7, 2016, after the State filed a memorandum opposing Aultman's petition for postconviction relief, the trial court issued a decision dismissing the petition.

In dismissing Aultman's petition, the trial court found that it lacked jurisdiction to consider the petition because it was filed beyond the time period set forth in R.C. 2953.21(A)(2) and it did not meet any of the exceptions to untimeliness in R.C. 2953.23(A).

{¶ 7} Aultman now appeals from the trial court's decision dismissing his petition for postconviction relief, raising one assignment of error for review.

**Assignment of Error**

{¶ 8} Aultman's assignment of error is as follows:

A SENTENCING THAT REQUIRES PROFESSIONAL TESTIMONY AND SUCH TESTIMONY IS NOT PRESENTED DUE TO THE INEFFECTIVENESS OF COUNSEL MUST BE VACATED.

{¶ 9} Under his sole assignment of error, Aultman raises the same due process and ineffective assistance claims that he raised in his petition for postconviction relief. While Aultman concedes that his petition was not filed within the time period provided in 2953.21(A)(2), he attempts to bypass the time limitation by applying Crim.R. 32.1, which governs motions to withdraw guilty pleas and does not contain a specific time limitation for filing.[1] *See Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 9, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977) and *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14. In doing so, Aultman is essentially asking this court to treat plea withdrawal motions and petitions for postconviction relief as interchangeable remedies. We decline Aultman's invitation.

---

[1] In his appellate brief, Aultman claims he filed both a petition for postconviction relief and motion to withdraw guilty plea on May 13, 2016; however, the record indicates that only a filing captioned "Petition for Post Conviction Relief" was ever filed.

{¶ 10} Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Therefore, "[a] criminal defendant can seek under Crim.R. 32.1 to withdraw a plea after the imposition of sentence." *Bush* at ¶ 14, citing *Smith* at paragraph one of the syllabus. In contrast, " '[p]ostconviction relief is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.' " *State v. Clark*, 2017-Ohio-120, ___N.E.3d___, ¶ 14 (2d Dist.), quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). Postconviction relief " 'is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *.' " *Bush* at ¶ 13, quoting R.C. 2953.21(J).

{¶ 11} "Given that a postsentence Crim.R. 32.1 motion is not collateral but is filed in the underlying criminal case and that it targets the withdrawal of a *plea*, it is not a 'collateral challenge to the validity of a *conviction or sentence*.' " (Emphasis sic.) *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). (Other citations omitted.) Accordingly, the Supreme Court of Ohio concluded that plea withdrawal motions and petitions for postconviction relief are distinct remedies that exist independently. *Bush* at ¶ 14.

{¶ 12} In this case, it is clear that the petition filed by Aultman is not a Crim.R. 32.1 motion to withdraw guilty plea, as Aultman did not seek to withdraw his guilty plea in the petition, nor did he request relief under Crim.R. 32.1. Instead, Aultman specifically requested relief under R.C. 2953.21 for alleged constitutional violations, a request that

was contained in a filing captioned as a "Petition for Post Conviction Relief." Furthermore, Aultman indicated in both his petition and his appellate brief that he was only challenging his sentence, not his conviction, and that he was "not asking to be absolved from his guilt." Accordingly, it is clear that Crim.R. 32.1 does not apply. Aultman's attempt to employ Crim.R. 32.1 in this appeal is nothing more than an endeavor to bypass the law that governs petitions for postconviction relief.

{¶ 13} That said, we now turn to the law governing petitions for postconviction relief. "Petitions for postconviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence." *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, ¶ 10, citing R.C. 2953.21(A).

{¶ 14} R.C. 2953.21(A)(2) governs the time limitation for filing petitions for postconviction relief, and provides, in pertinent part:

(2) * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶ 15} "[T]he trial court lacks jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. § 2953.23(A)." (Citations omitted.) *Johnson* at ¶ 11. R.C. 2953.23(A) " 'confers jurisdiction to adjudicate an untimely postconviction petition when the petitioner shows that he was unavoidably prevented from discovering the facts upon which he must rely to present his

claim for relief, or that a new federal or state right that applies retroactively to the petitioner was recognized by the United States Supreme Court subsequent to the period prescribed in R.C. 2953.21(A)(2), and the petition asserts a claim based upon that right.' " *State v. Singleton*, 2d Dist. Montgomery No. 26763, 2016-Ohio-611, ¶ 15, quoting *State v. Harden*, 2d Dist. Montgomery No. 20803, 2005-Ohio-5580, ¶ 9, citing R.C. 2953.23(A)(1)(a).

**{¶ 16}** Specifically, R.C. 2953.23(A) provides the following:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or,

if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

R.C. 2953.23(A)(1)-(2).

**{¶ 17}** Aultman concedes, and we agree, that his petition is untimely, as it was filed almost three years after the expiration of the time for filing a direct appeal. Therefore, the trial court lacks jurisdiction to consider the petition unless one of the exceptions in R.C. 2953.23(A) applies. After a thorough review of the record, we agree with the trial court that none of the exceptions apply to the case at bar.

**{¶ 18}** For instance, the exception in R.C. 2953.23(A)(1) does not apply because Aultman was not unavoidably prevented from discovering the facts upon which his petition relied, and the claims in Aultman's petition are not based on a new, retroactive federal or

state right recognized by the United States Supreme Court.   *See* R.C. 2953.23(A)(1)(a).

{¶ 19} We note that " '[t]he phrase "unavoidably prevented" means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence.' "   *State v. Rainey*, 2d Dist. Montgomery No. 23851, 2010-Ohio-5162, ¶ 13, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. Here, Aultman was clearly aware of the questions he was asked by the trial court at his sentencing hearing and of his trial counsel's failure to object to the questions concerning his failure to seek counseling.   Aultman does not argue otherwise, but instead claims that his status as a convicted sex offender unavoidably prevented him from being able to retain a psychologist who was willing to evaluate him (presumably to determine why he never sought counseling).   This, however, does not meet the standard in R.C. 2953.23(A)(1)(a) since Aultman was not unavoidably prevented from discovering the facts upon which his due process and ineffective assistance claims were based.

{¶ 20} In addition, Aultman's petition only challenges his sentence, and the plain language of R.C. 2953.23(A)(1)(b) precludes a trial court from entertaining an untimely postconviction challenge to a sentence brought by a noncapital petitioner.   *State v. Holloman*, 10th Dist. Franklin No. 07AP-875, 2008-Ohio-2650, ¶ 14; *State v. Hach*, 9th Dist. Summit No. 27102, 2014-Ohio-682, ¶ 8 (" 'R.C. 2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context' "), quoting   *State v. Barkley*, 9th Dist. Summit No. 22351, 2005-Ohio-1268, ¶ 11.   Since Aultman is a noncapital petitioner, R.C. 2953.23(A)(1)(b) does not provide appellant a vehicle to challenge his sentence when his petition is untimely.

{¶ 21} The exception for untimely petitions in R.C. 2953.23(A)(2) also does not

apply to Aultman as no postconviction DNA testing results were performed establishing his innocence by clear and convincing evidence. Again, Aultman does not claim he is innocent of the charges in this case, but only takes issue with his sentence.

{¶ 22} Because Aultman's untimely petition for postconviction relief does not fall under any of the exceptions in R.C. 2953.23(A), we conclude that the trial court was without jurisdiction to consider his petition and that the court correctly dismissed Aultman's petition on that basis.

{¶ 23} Aultman's sole assignment of error is overruled.

**Conclusion**

{¶ 24} Having overruled Aultman's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Jane A. Napier
George A. Katchmer
Hon. Nick A. Selvaggio