[Cite as *State v. Evans*, 2013-Ohio-1216.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    12CA0044-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH EVANS | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.    08 CR 0536 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

---

CARR, Presiding Judge.

{¶1}    Appellant, Joseph Evans, appeals the judgment of the Medina County Court of Common Pleas denying his petition for post-conviction relief. This Court affirms.

I.

{¶2}    On December 3, 2008, the Medina County Grand Jury returned an indictment charging Evans with three counts of rape of a minor under the age of thirteen, and one count of pandering obscenity of a minor. The alleged victim of the aforementioned offenses was Evans' daughter, M.E. After initially pleading not guilty to the charges at arraignment, Evans subsequently withdrew his plea of not guilty and entered a plea of no contest to the pandering obscenity charge. The remaining three counts were tried to a jury. The jury found Evans guilty of two counts of rape of a minor under the age of thirteen, and one count of the lesser-included offense of gross sexual imposition. Evans was sentenced to consecutive terms on all four counts,

totaling twenty-two and a half years in prison. The trial court issued its sentencing entry on July 31, 2009.

{¶3} Evans filed a direct appeal to this Court. On appeal, Evans argued that trial counsel was ineffective; that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence; and that the trial court erred in imposing consecutive prison sentences. On August 2, 2010, this Court affirmed the trial court's judgment. *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545.

{¶4} On July 28, 2010, while his direct appeal was pending, Evans filed a timely petition for post-conviction relief pursuant to R.C. 2953.21. As Evans filed his petition pro se, the trial court appointed counsel to represent Evans on July 29, 2010. Through newly appointed counsel, Evans supplemented his petition on September 23, 2010, and October 14, 2010. A three-day hearing was held on Evans' petition on October 15, 2010, December 17, 2010, and January 21, 2011. The trial court issued a journal entry denying the petition on January 21, 2011. Evans filed a timely notice of appeal, but this court dismissed the appeal on the basis that the trial court's journal entry denying the petition was not a final, appealable order. *State v. Evans*, 9th Dist. No. 10CA0020-M, 2012-Ohio-1120.

{¶5} On April 19, 2012, the trial court issued a new journal entry in which it again denied the petition, and set forth findings of fact and conclusions of law. Evans filed a timely notice of appeal. On appeal, Evans raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT'S PETITION FOR POSTCONVICTION RELIEF WHERE TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY (1) FAILING TO LOCATE AND SUBPOENA AN

ESSENTIAL DEFENSE WITNESS OR TO USE THE INFORMATION PROVIDE[D] BY THAT DEFENSE WITNESS TO IMPEACH THE ALLEGED VICTIM AND HER MOTHER ON CROSS-EXAMINATION AT TRIAL; AND (2) FAILING TO ADVISE DEFENDANT OF A PLEA BARGAIN OFFER MADE BY THE STATE PRIOR TO TRIAL.

**{¶6}** In his sole assignment of error, Evans argues that the trial erred in denying his petition for post-conviction relief because trial counsel did not call an essential witness and failed to notify Evans of a plea offer by the State. This Court disagrees.

**{¶7}** An appellate court reviews the denial of a petition for post-conviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶ 58; *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, at ¶ 11. An abuse of discretion is more than an error of judgment; rather it necessitates a finding that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** With respect to the underlying legal standard, in order to demonstrate ineffective assistance of counsel, a claimant must satisfy a two-prong test. First, he or she must prove that trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, he or she must show that trial counsel's deficient performance resulted in prejudice. *Id*. In post-conviction cases involving a claim of ineffective assistance of trial counsel, the Supreme Court of Ohio has held that "'[a]bsent a showing of abuse of discretion, a reviewing court will not overrule the trial court's finding on a petition for post-conviction relief which is supported by competent and credible evidence.'" quoting *Gondor* at ¶ 50, *citing State v. Mitchell*, 53 Ohio App.3d 117, 119 (8th Dist.1988). "Further, when a trial court rules on a petition for post-conviction relief after a hearing, an appellate court will give deference to the trial court's

findings of fact." *Gondor* at ¶ 47, quoting *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 13.

{¶9} In support of his petition, Evans set forth two arguments regarding the performance of trial counsel. First, Evans argued that trial counsel was ineffective for failing to call a witness who had knowledge that the victim, M.E., had recanted on her allegations against Evans prior to trial. Evans also argued that trial counsel was ineffective for failing to inform him of a plea offer from the State made prior to the commencement of trial. Attached to the September 23, 2010 supplement were the affidavits of Evans' wife, Nicole; Evans' father, Alan; and the man who had knowledge of M.E.'s alleged recantation, Joshua Pettitt. Evans further supplemented his petition on October 14, 2010, in order to submit his own affidavit, as well as the affidavit of Randy Bodosi, a close personal friend of Evans.

{¶10} Evans' argument in regard to M.E. recanting the statements she made to police was premised on the affidavit of Joshua Pettitt. Pettitt averred that on February 10, 2009, he attended a social event at the home of Rachel Noe, Evans' ex-wife, and the mother of M.E. Pettitt averred that it was at this gathering that M.E. stated that she did not want to testify against Evans because he had not done anything wrong. According to Pettitt's affidavit, M.E. identified a different individual with whom she had been "doing something."

{¶11} In a separate affidavit, Nicole Evans averred that she learned from Pettitt that M.E. had recanted her statements to police, and that M.E. had indicated that she had not engaged in any sexual conduct with Evans. Nicole Evans asked Pettitt to write out a statement concerning M.E.'s comments. Nicole Evans further averred that she provided Pettitt's handwritten statement to trial counsel prior to Evans' trial. Nicole Evans averred that she approached trial counsel after the trial and inquired as to why the State had never made a plea

offer. According to Nicole Evans, trial counsel indicated that the State had, in fact, made a plea offer but he did not think Evans would have accepted it. Alan Evans and Randy Bodosi averred that they had approached trial counsel with Nicole Evans, and they witnessed the aforementioned exchange. Evans averred that trial counsel did not inform him that the State had made a plea offer. Nicole Evans, Alan Evans, and Bodosi averred that they had not been made aware of any plea offers prior to the commencement of trial.

{¶12} Based on the aforementioned affidavits, the trial court scheduled a hearing on the petition pursuant to R.C. 2953.21(E). While the hearing on the petition was initially scheduled for September 24, 2010, the matter was continued on Evans' motion due to the fact that Pettitt was "unavailable * * * due to a previously scheduled doctor's appointment for his fiancé." The matter was set to go forward on October 15, 2010, at which time Evans' attorney and the prosecutor appeared in the trial court. However, the parties promptly agreed to continue the hearing and no substantive issues were addressed, and the matter was continued yet again to November 2010. The hearing finally commenced on December 17, 2010. At the outset of the hearing, counsel for Evans stated, "The last time we were here in November, November 19th of 2010, we had our witness Josh Pettitt here. He was subpoenaed at that time and had remained in contact with us. He is not here today." Evans proceeded to present the testimony of his mother and father, Zsusanna Danielson and Alan Evans, as well as his wife, Nicole. The parties again appeared in the trial court on January 21, 2011. Prior to Evans' testifying on his own behalf, defense counsel stated on the record that, "despite our efforts, [we] have been unable to obtain Josh Pettitt, the witness who we would have hoped to call."

{¶13} In its June 13, 2012 journal entry denying the petition, the trial court emphasized its concern that Evans was unable to produce the testimony of several key witnesses at the

hearing. The trial court "[found that] Joshua Pettitt and [trial counsel] were necessary and critical witnesses for the arguments set forth in the Defendant's petition for post-conviction relief. The Court was unable to judge the credibility of these witnesses because their testimony was not presented." The trial court concluded that because the State was not provided with an opportunity to cross-examine Pettitt, his affidavit was inadmissible as evidence. The trial court further determined that the only remaining evidence in support of the petition was the testimony of family members, which it found to be biased and self-serving.

{¶14} A review of the record reveals that the trial court properly denied Evans' petition. Evans' recantation argument was premised on the notion that trial counsel was ineffective for failing to call Joshua Pettitt to testify at trial. Despite numerous continuances of the hearing on his petition, Evans neither presented the testimony of his key witness, Pettitt, nor did he present the testimony of the alleged recanting victim, M.E. Under these circumstances, this Court cannot conclude that the trial court abused its discretion in finding that Evans' recantation argument lacked adequate evidentiary support.

{¶15} In regard to the alleged plea offer from the State, Evans failed to call trial counsel to testify at the hearing on his petition. Evans admitted in his testimony that he had not spoken with trial counsel since his sentencing hearing, and that he did not follow-up with trial counsel regarding whether a plea bargain had been offered. If the trial court determined that there were credibility issues with the family's testimony, there was little else supporting Evans' contention that the State had made a plea bargain offer in this case. Even assuming arguendo that Evans had been able to establish that defense counsel elected not to communicate a plea offer, Evans was unable to establish that he was prejudiced. The United States Supreme Court has held that in order to establish prejudice where a plea offer has been rejected due to counsel's deficient

performance, "defendant[] must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012). Throughout his testimony at the hearing, Evans consistently maintained that he was "innocent," and further admitted that it is "hard to say" if he would have accepted a plea offer. On cross-examination, the State specifically asked if Evans would have pleaded guilty to the rape charges. Evans responded, "I don't know. * * * Probably not." Later on cross-examination, the State asked, "[S]o do you want to plead?" Evans responded by simply stating, "I'm innocent." Thus, as Evans failed to demonstrate that he was prejudiced by trial counsel's alleged failure to advise him of a plea offer by the State, he cannot prevail on his ineffective assistance claim. *See State v. Bradley*, 42 Ohio St.3d 136, 143 (1989).

{¶16} Under these circumstances, the trial court did not abuse its discretion in concluding that Evans failed to establish substantive grounds for relief. Evans' sole assignment of error is overruled.

III.

{¶17} Evans' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

─────

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.