[Cite as *State v. Bulls*, 2015-Ohio-5094.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27713 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DWAYNE M. BULLS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 12 3518 |

DECISION AND JOURNAL ENTRY

Dated: December 9, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, Dwayne Bulls, appeals the judgment of the Summit County Court of Common Pleas denying his request for post-conviction relief. For the reasons that follow, we affirm.

I.

{¶2} After a jury trial, Bulls was convicted on one count of rape in violation of R.C. 2907.02(A)(1)(b). The victim in this matter was Bulls' 11-year old stepdaughter. The facts underlying Bulls' conviction are more fully described in our opinion resolving Bulls' direct appeal. *See State v. Bulls*, 9th Dist. Summit No. 27029, 2015-Ohio-276, ¶ 8-13, 19-22. The trial court subsequently sentenced Bulls to a term of life imprisonment with the possibility of parole after 25 years. On direct appeal, we affirmed Bulls' conviction and sentence. *Id*. at ¶ 28. The Supreme Court of Ohio declined to accept Bulls' appeal. *State v. Bulls*, 143 Ohio St.3d 1442, 2015-Ohio-3427.

{¶3} While his direct appeal was pending before this Court, Bulls filed a timely petition for post-conviction relief in the trial court. His petition asserted three grounds for relief. The first two grounds related to the failure of Bulls' trial counsel to obtain records that would purportedly show the minor victim's propensity to lie. Bulls alleged that this failure amounted to ineffective assistance of counsel that prejudiced his defense. The third ground for relief was that the State possibly withheld information from Bulls during discovery in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Based on these allegations, Bulls requested that the trial court vacate his conviction or, in the alternative, allow him to conduct additional discovery and present his petition at an evidentiary hearing.

{¶4} Bulls' new counsel executed an affidavit that was attached to the petition for post-conviction relief. In it, the new counsel averred that he reviewed the file of Bulls' trial counsel and "noticed that a number of items were missing" including social service records, school records, "and other records that are key to the presentation of a defense[.]" The affidavit also includes new counsel's conclusion that "[t]he failure to obtain these records was prejudicial to [] Bulls' defense." As to the possible *Brady* violations, new counsel attested that he was aware of two other cases involving the Summit County Prosecutor's Office in which *Brady* violations led to the overturning of convictions.

{¶5} Without holding a hearing, the trial court denied Bulls' petition for post-conviction relief. The trial court found as follows regarding Bulls' first two asserted grounds for relief:

> [Bulls] has not submitted any evidence supporting his argument that he received ineffective assistance of counsel. [Bulls'] new attorney doesn't point to any evidence outside the record. He only suggests that such evidence might exist. In fact, some of the statements made in [new counsel]'s affidavit are completely irrelevant to the court's determination of whether [Bulls] received ineffective assistance of counsel.

The trial court similarly rejected Bulls' third asserted ground for relief, the possibility of a *Brady* violation, as "merely speculative."

{¶6} Bulls timely appealed the denial of his post-conviction relief petition, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred when it granted the State's motion to dismiss Appellant's post[-]conviction petition, in violation of Section 2953.21 et. [sic] seq[.] of the Ohio Revised Code; Article One, Section Sixteen of the Ohio Constitution; and the Fifth and Fourteenth Amendments to the United States Constitution.**

{¶7} In his sole assignment of error, Bulls argues that the trial court erroneously denied his petition for post-conviction relief. His position on appeal is that the petition sufficiently asserted two bases for relief: ineffective assistance of counsel and possible *Brady* violations. We disagree.

A. Standard for Post-Conviction Relief

{¶8} We review the trial court's denial of a post-conviction relief petition for an abuse of discretion. *State v. Jones*, 9th Dist. Summit No. 27294, 2014-Ohio-5784, ¶ 9. An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} A convicted defendant may petition the trial court to vacate his conviction on the basis that it is void or voidable under the United States Constitution or the Ohio Constitution. R.C. 2953.21(A)(1). The defendant "is not automatically entitled to a hearing" on his petition,

*State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999), and the "trial court has a gatekeeping role as to whether a defendant will even receive a hearing," *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51. In light of this gatekeeping role, the Supreme Court of Ohio has previously declared that "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus; *accord State v. McNeill*, 137 Ohio App.3d 34, 40 (9th Dist.2000) ("A petitioner for post-conviction relief has an initial burden of providing evidence of sufficient operative facts to demonstrate a cognizable claim of constitutional error."). Moreover, to obtain post-conviction relief and avoid the preclusive effect of res judicata, a petitioner must present claims in his petition that are based on evidence outside of the original record that existed during direct appellate proceedings. *See McNeill* at 40 ("[A] petition for post-conviction relief may defeat the *res judicata* bar only if its claims are based on evidence *de hors* the record.").

{¶10} We address the three grounds asserted in Bulls' petition for post-conviction relief in turn. Since Bulls' first two grounds both implicate his ineffective assistance of counsel argument, we address them together.

### B. First and Second Grounds: Ineffective Assistance of Counsel

{¶11} When reviewing a trial court's denial of post-conviction relief petition that is predicated on ineffective assistance of counsel, we must consider the underlying legal standard. *State v. Evans*, 9th Dist. Medina No. 12CA0044-M, 2013-Ohio-1216, ¶ 8. To establish ineffective assistance of counsel, a defendant must show that his trial counsel's performance was deficient and that the deficient performance affected the outcome of trial. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). We addressed a trial court's denial of a post-conviction relief petition asserting ineffective assistance of counsel in *State v. Kiley*, 9th Dist. Lorain No. 12CA010254, 2013-Ohio-634. There, the petitioner argued that he was denied the effective assistance of counsel since trial counsel failed to call certain witnesses. But, the petitioner's affidavits in support of his petition were "conclusory in nature and lack[ed] specific information to support [the petitioner]'s assertions." *Id*. at ¶ 11. Specifically, we noted that "[t]he affidavits of the proposed witnesses simply indicate[d] that they have information that will exonerate [the petitioner] but do not indicate what information they have or how it would exonerate [the petitioner]." *Id*. at ¶ 12. As a result, we concluded that the petitioner "ha[d] not presented sufficient facts demonstrating that he was prejudiced by his trial counsel's failure to * * * call witnesses" and we determined that the trial court did not abuse its discretion by denying the petition without a hearing. *Id*. at ¶ 13.

{¶12} Bulls only offered the affidavit of his new counsel in support of his petition for post-conviction relief. Like the affidavits in *Kiley*, the affidavit in this matter is conclusory and fails to state specific information regarding the claimed ineffectiveness of Bulls' trial counsel. Bulls' new counsel simply averred that there were some records missing in the file of Bulls' trial counsel and that those records would aid Bulls' defense. We cannot determine from such bare assertions whether these missing records even exist, let alone whether they relate to Bulls' defense. In light of the conclusory nature of the claims, the trial court properly found that the affidavit merely "suggests that such evidence *might exist*," which falls far below the requisite showing of a cognizable constitutional claim. (Emphasis added.) As a result, taking the record and petition as a whole, we conclude that Bulls has failed to present sufficient facts demonstrating that he received ineffective assistance of counsel. The trial court, consequently,

did not abuse its discretion in rejecting the first two grounds for relief in Bulls' petition without a hearing.

### C. Third Ground for Relief: Possible *Brady* Violations

{¶13} "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment[.]" *Brady*, 373 U.S. at 87. "'However, it is the defendant's burden to establish that the evidence is both favorable and material and that there is reasonable probability that the outcome would have been different if the evidence had been provided.'" (Alterations removed.) *State v. Charlton*, 9th Dist. Lorain No. 12CA010206, 2014-Ohio-1330, ¶ 32, quoting *State v. Moultry*, 9th Dist. Summit No. 25065, 2010-Ohio-3010, ¶ 9.

{¶14} As with his first two grounds for relief, Bulls failed to offer sufficient operative facts in his petition to show entitlement to post-conviction relief for a purported *Brady* violation. The affidavit attached to Bulls' petition lists no exculpatory or otherwise favorable evidence that was withheld from him during the trial court proceedings. Rather, it merely claims that such evidence may exist since other cases with different defendants featured a *Brady* violation on the part of the Summit County Prosecutor's Office. Such bare facts cannot satisfy the *Brady* standard. *See State v. Ross*, 9th Dist. Summit Nos. 22447, 22598, 2005-Ohio-5189, ¶ 47 ("This Court is not inclined to presume that the State has committed a *Brady* violation absent some affirmative evidence from the record."), *rev'd in part sub nom. In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 2 (vacating sentence and remanding for resentencing in accordance with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856). Accordingly, the trial court did not abuse its discretion in rejecting Bulls' third ground for post-conviction relief without a hearing.

**{¶15}** Finally, we also reject Bulls' contention that he should have been provided additional discovery to determine whether the grounds for his post-conviction relief petition existed. "[T]his Court has repeatedly held that there is no right to discovery in a post-conviction proceeding." *State v. Coleman*, 9th Dist. Summit No. 27506, 2015-Ohio-752, ¶ 5 (collecting cases). As a result, we cannot determine that the trial court abused its discretion by not allowing Bulls to conduct further discovery during the pendency of these post-conviction proceedings. *Id*.

**{¶16}** Accordingly, we overrule Bulls' sole assignment of error.

III.

**{¶17}** Having overruled Bulls' assignment of error, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

_____

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.