[Cite as *State v. Jenkins*, 2025-Ohio-243.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| LEONARD J. JENKINS | : | Case No. 24 CA 00085 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
                            Pleas, Case No. 22-CR-00486



JUDGMENT:                   Affirmed



DATE OF JUDGMENT:           January 27, 2025




APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

KENNETH W. OSWALT                        LEONARD J. JENKINS, PRO SE
20 South Second Street                   Southeastern Correctional Institution
4th Floor                                #A817505
Newark, OH  43055                        5900 B.I.S. Road
                                         Lancaster, OH  43130

*King, J.*

{¶ 1}   Defendant-Appellant, Leonard J. Jenkins, appeals the September 11, 2024 judgment entry of the Court of Common Pleas of Licking County, Ohio, denying his petition for postconviction relief.  Plaintiff-Appellee is the state of Ohio.  We affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 13, 2023, a jury convicted Jenkins on one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), one count of receiving stolen property in violation of R.C. 2913.51(A), two counts of aggravated possession of methamphetamine in violation of R.C. 2925.11(A)(C)(1)(a) and (b), and one count of possessing a defaced firearm in violation of R.C. 2923. 201(A)(2).  By judgment entry filed July 14, 2023, the trial court sentenced Jenkins to an aggregate term of eight and one-half years in prison.

{¶ 3}   Jenkins filed an appeal listing four assignments of error: 1) R.C. 2923.13(A)(3), having weapons while under disability, is unconstitutional, both on its face and as applied to him, as it violates the Second Amendment to the United States Constitution and Article I, Section 4 of the Ohio Constitution; 2) the trial court erred in denying his motion to suppress; 3) his trial counsel was ineffective in failing to argue an unreasonable traffic stop; and 4) his convictions on three counts were against the manifest weight of the evidence.  This court affirmed Jenkins's convictions.  *State v. Jenkins*, 2024-Ohio-1094 (5th Dist.) (King, J., concurring).  The Supreme Court of Ohio denied a motion for leave to file a delayed appeal.  *State v. Jenkins,* 2024-Ohio-2576.

{¶ 4}   On August 22, 2024, Jenkins filed a pro se petition to vacate or set aside judgment of conviction or sentence, arguing a Second Amendment violation, the denial of his right to compulsory process to obtain defense witnesses, the denial of his ability to access and present exculpatory evidence, the judge and prosecuting attorney were not official, and a violation of his brother's rights to attend a public trial because his brother was threatened by officials and told to leave the courthouse.  Jenkins argued the firearm did not belong to him but to an associate, Timm Reed.  By judgment entry filed September 11, 2024, the trial court denied the petition, finding Jenkins's arguments were either raised on direct appeal or should have been raised in his direct appeal.

{¶ 5}   Jenkins filed an appeal with the following assignments of error:

I

{¶ 6}   "THE SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION GUARANTEE THE RIGHT TO BEAR ARMS.  IN THE CASE UNITED STATES V. DUARTE 2024 U.U. APP. LEXIS 18509 U.S. COURT OF APPEALS, 11TH CIRCUIT, JULY, 26, 2024, WHILE NOT BEING CONTROLLING, IS A VERY PERSUASIVE CASE STATING THAT NON-VIOLENT FELONS SHOULD NOT BE DEPRIVED OF THEIR SECOND AMENDMENT RIGHTS TO BEAR ARMS NOR BE PRECLUDED FROM POSSESSING FIREARMS.

"THIS IS AN ISSUE NOT BROUGHT BEFORE OHIO COURTS PREVIOUSLY AND IT WAS ERROR TO NOT HEAR AND LITIGATE THIS MATTER AS IT IS OF GREAT PUBLIC INTEREST AND IT EFFECTS THOUSANDS OF PEOPLE."

II

{¶ 7}   "THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION GUARANTEE THE RIGHT TO SUBPOENA WITNESSES FOR THE DEFENSE.  I HAD REQUESTED MY COUNSEL SUBPOENA TIMM REED, JIM PERGE, AND ERIK

GIGER, A FULL THREE WEEKS PREVIOUS TO THE TRIAL DATE. HOWEVER, COUNSEL DID NOT REQUEST SUBPOENAS UNTIL ONE WEEK BEFORE TRIAL DATE. TIMM REED COULD HAVE TESTIFIED THAT HE PURCHASED THE GUN FROM JIM PERGE AND THAT HE HAD KEPT THE GUN AT HIS FATHER'S HOUSE AND ONLY BROUGHT THE GUN AND PLACED IT IN MY DRESSER DRAWER ON JULY, 4, 2022, WITHOUT MY KNOWLEDGE OR PERMISSION AND THEN LATER TEXTED ME A PICTURE OF THE GUN IN MY DRAWER. JIM COULD HAVE TESTIFIED THAT HE HAD PURCHASED THE GUN AT SWAPPERS DAY EVENT, AND THAT HE HAD A RECEIPT FOR THE GUN, AND THAT HE SOLD THE GUN TO TIMM REED. ERIK GIGER TESTIFIED, ONLY BECAUSE MY BROTHER WENT TO HIS HOME AND GOT HIM EVEN THOUGH A SUBPOENA WAS NEVER TRIED TO BE DELIVERED, THAT HE DID IN FACT USE A TURN SIGNAL AND THAT HE HAD NO KNOWLEDGE OF ANY METHAMPHETAMINE IN THE TRUCK.

"THE ONLY SUBPOENA THE DEPUTIES TRIED TO SERVE WAS FOR TIMM REED AND IT WASN'T SIGNED FOR UNTIL THE MORNING OF THE SECOND DAY OF TRIAL.

"IT WAS ERROR FOR THE JUDGE NOT TO GRANT A CONTINUANCE SO THAT THE SUBPOENAS COULD BE DELIVERED AND THE WITNESSES PROCURRED EVEN IF THEY HAD TO BE ARRESTED AND BROUGHT TO THE COURTHOUSE."

III

{¶ 8} "I WAS DENIED THE ABILITY TO HAVE MY BROTHER PRESENT EVIDENCE FROM TIMM REED'S PHONE AND MY OWN PHONE OF TIMM REED

PLACING THE GUN IN MY DRESSER DRAWER UNKNOWN TO ME AND WHEN I WASN'T HOME.

"MY BROTHER HAD TRIED TO GET BOTH MY COUNSEL AND THE PROSECUTOR'S OFFICE TO TAKE THE PHONES TO AN EXPERT TO HAVE THE PHONE MESSAGES AND PICTURES RETRIEVED AND PRESENTED AT TRIAL. IT WAS ERROR TO NOT ALLOW THE PHONES TO BE PRESENTED AT TRIAL CONSIDERING THAT BOTH MY COUNSEL AND THE PROSECUTOR WERE AWARE OF THE PHONES AND THE EVIDENCE THEY CONTAINED."

IV

{¶ 9} "IT IS BOTH UNLAWFUL AND UNFAIR TO TELL A WITNESS TO AVOID A SUBPOENA AND REFUSE TO TESTIFY FOR THE DEFENSE AT TRIAL. DETECTIVES FOR THE CENTRAL OHIO DRUG ENFORCEMENT TASK FORCE TOLD TIMM REED TO AVOID THE SUBPOENA AND REFUSE TO TESTIFY FOR THE DEFENSE AT TRIAL. IT WAS ERROR FOR JUDGE MARCELAIN TO NOT GRANT THE PETITION FOR POST-CONVICTION RELIEF THAT WOULD ALLOWED A HEARING WHERE TIMM REED WOULD HAVE BEEN FORCED TO TESTIFY HONESTLY UNDER OATH."

V

{¶ 10} "IT IS NOT RIGHT TO EXCLUDE MY BROTHER FROM A PUBLIC TRIAL THROUGH THREATS AND INTIMIDATION. IT WAS ERROR FOR JUDGE MARCELAIN TO REMOVE MY BROTHER FROM THE COURTROOM AND THEN HAVE THE BAILIFF AND EX-CODE DETECTIVE CONNELY THREATEN AND INTIMIDATE HIM OUTSIDE THE COURTROOM."

**Jenkins's Appellate Brief**

{¶ 11} At the outset, we note Jenkins's pro se appellate brief fails to comply with App.R. 16 as his brief is merely the five assignments of error quoted above with a "Conclusion" section. In addition, the brief fails to comply with Fifth Dist.Loc.R. 9(A) as it does not include a copy of the judgment entry from which he appeals. These deficiencies are tantamount to failing to file a brief and under App.R. 18(C), this court has the authority to dismiss the appeal for failure to file a brief; but we shall not do so here. In the interests of justice and finality, we elect to review the issues raised in the appeal.

**Applicable Law**

{¶ 12} Jenkins is appealing the trial court's denial of his petition for postconviction relief. R.C. 2953.21 governs petitions for postconviction relief. A petition for postconviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Smith*, 2017-Ohio-2616 ¶ 13, citing *State v. Murphy*, 2000 WL 1877526 (10th Dist. Dec. 26, 2000). A petition for postconviction relief is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).

{¶ 13} A petition for postconviction relief does not provide a petitioner a second opportunity to litigate the conviction. *State v. Lewis*, 2008-Ohio-3113, ¶ 8 (5th Dist.). "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or

on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *see Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995). "To avoid the preclusive effect of res judicata, postconviction relief claims must be 'based on evidence outside of the original record that existed during direct appellate proceedings.'" *State v. Meyerson*, 2023-Ohio-708, ¶ 15 (9th Dist.), citing *State v. Bulls,* 2015-Ohio-5094, ¶ 9 (9th Dist.).

{¶ 14} The petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b). "[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *State v. Coleman,* 1993 WL 74756, *7 (1st Dist. Mar. 17, 1993). To overcome a bar under res judicata, a petitioner "must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik*, 2000 WL 254908, *1 (9th Dist. Mar. 8, 2000); *see State v. Cox*, 2019-Ohio-521, ¶ 11 (5th Dist.).

I

{¶ 15} In his first assignment of error, Jenkins argues a violation of the Second Amendment.

{¶ 16} In his petition to the trial court, Jenkins argued "non-violent felons cannot be deprived of their 2nd Amendment rights. I have never been convicted of a violent crime." R.C. 2923.13(A)(2) prohibits a person from having a firearm if convicted of any

felony offense of violence.  But Jenkins was not convicted of violating R.C. 2923.13(A)(2); he was convicted of violating R.C. 2923.13(A)(3) which prohibits a person from having a firearm if convicted of any offense involving drugs of abuse.  Jenkins's argument is misplaced.

{¶ 17} Further, in its judgment entry, the trial court found: "In general . . . the defendant has raised these issues on his direct appeal, which was decided March 22, 2024."  We agree Jenkins raised the Second Amendment issue in his direct appeal and this court reviewed the issue.  *See Jenkins,* 2024-Ohio-1094, at Assignment of Error I (5th Dist.).  We find res judicata precludes this issue.

**II**

{¶ 18} In his second assignment of error, Jenkins argues he was denied compulsory process because his subpoenas were not served, his defense counsel did not issue them in a timely manner, and the trial court did not grant a continuance to allow for the subpoenas to be served.  Based upon the information contained in the original record, Jenkins could have raised these claims in his direct appeal, but did not do so.  We find res judicata precludes these issues.

**III**

{¶ 19} In his third assignment of error, Jenkins argues he was denied the ability to access and present exculpatory evidence.  Specifically, he argues he was prevented from retrieving and presenting messages and pictures sent to his cellphone from Reed's cellphone.  If the messages and pictures were sent to Jenkins's cellphone, then they were in his possession and in his control.  Again, this information was available to Jenkins at the time of his direct appeal.  We find res judicata precludes this issue.

**IV**

{¶ 20} In his fourth assignment of error, Jenkins argues a potential witness, Reed, was told to avoid a subpoena and not testify for the defense. Jenkins attached the affidavits of Holsinger and McCarty who both averred Reed told them a Central Drug Enforcement Task Force member told him to avoid the subpoena and not testify at the trial. These affidavits are double hearsay. *See Calhoun*, 86 Ohio St.3d at 285 (hearsay statements lack credibility). Jenkins did not submit an affidavit from Reed.

**V**

{¶ 21} In his fifth assignment of error, Jenkins argues his brother's rights were violated when his brother was removed from the courtroom and then was threatened and intimidated to leave the courthouse. In support, Jenkins attached the affidavit of his brother detailing the incident. Again, this information was available to Jenkins at the time of his direct appeal. In addition, Jenkins did not argue how he was prejudiced by a violation of his brother's rights to attend the public trial. We find res judicata precludes this issue.

{¶ 22} In so far as Jenkins alludes to any defense counsel's failures, he did not raise ineffective assistance of counsel in his direct appeal in relation to these issues which he could have done. In addition, in his appellate brief, Jenkins does not argue against the trial court's basis for denying his petition, the doctrine of res judicata; he merely argues the merits of his various claims.

{¶ 23} Upon review, we find the trial court did not err in denying Jenkins's petition for postconviction relief.

{¶ 24} Assignments of Error I, II, III, IV, and V are denied.

{¶ 25} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By King, J.

Hoffman, P.J. and

Baldwin, J. concur.