[Cite as *State v. Porter*, 2013-Ohio-89.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

KENNETH J. PORTER

    Appellant

C.A. No.     26168

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 09 07 2025 (B)

DECISION AND JOURNAL ENTRY

Dated: January 16, 2013

BELFANCE, Judge.

{¶1} Kenneth Porter appeals the trial court's dismissal of his petition for postconviction relief. For the reasons set forth below, we affirm.

I.

{¶2} Following a bench trial, Mr. Porter was convicted of felonious assault and sentenced to eight years in prison. This Court affirmed his conviction. *See State v. Porter*, 9th Dist. Nos. 25203, 25204, 2010-Ohio-6504. On August, 2, 2011, Mr. Porter filed a motion captioned "MOTION FOR IMMEDIATE DISCHARGE FROM CUSTODY[] CRIM.R.[ ]32(A)(1)[] AND LACK OF JURISDICTION[.]" The trial court, construing the motion as a petition for postconviction relief, dismissed the motion on August 22, 2011, for failure to comply with R.C. 2953.23.[1]

---

[1] The trial court stated in its entry that the State had filed a motion to dismiss Mr. Porter's motion. However, the State's motion is not part of the record on appeal, nor does it appear on the trial court's docket.

{¶3}    Mr. Porter has appealed, raising six assignments of error for our review.  For ease of discussion, we have rearranged his assignments of error.

II.

ASSIGNMENT OF ERROR II

DENIAL OF CONSTITUTIONAL RIGHT UNDER SIXTH AMENDMENT FOR INEFFECTIVE ASSISTANCE OF COUNSEL TRIAL AND APPELLATE COUNSEL[.]

ASSIGNMENT OF ERROR III

FAILURE TO MEET THE ELEMENT OF THE OFFENSE CHARGED[.]

ASSIGNMENT OF ERROR IV

ABUSE OF DISCRETION BY TRIAL COURT SENTENCE CONTRARY TO LAW[.]

{¶4}    In Mr. Porter's second, third, and fourth assignments of error, he makes multiple arguments attacking his convictions and sentences.  Mr. Porter also concedes that his "MOTION FOR IMMEDIATE DISCHARGE FROM CUSTODY[] CRIM.R.[ ]32(A)(1)[] AND LACK OF JURISDICTION[]" was a petition for postconviction relief.

{¶5}    R.C. 2953.21(A)(2) provides, "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."

[A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] * * * unless * * * (1) [b]oth of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies

retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶6}    Mr. Porter filed his petition for postconviction relief on August 2, 2011.  The trial transcript in his case was filed in this Court on April 6, 2010.  Thus, Mr. Porter's petition was well outside the time limit provided by R.C. 2953.21(A)(2), and he made no claim that he was unavoidably prevented from discovering the alleged errors.  Accordingly, the trial court correctly dismissed his petition as untimely.  *See* R.C. 2953.23(A)(1).

{¶7}    Mr. Porter's second, third, and fourth assignments of error are overruled.

ASSIGNMENT OF ERROR V

ABUSE OF DISCRETION IN FAILURE TO FOLLOW STATUTORY PROVISIONS[.]

{¶8}    Mr. Porter's argument in his fifth assignment of error is unclear.  He appears to suggest that the trial court erred by determining that the claims in his petition for postconviction relief were barred by res judicata.  However, the trial court made no such ruling, instead dismissing his petition because it was untimely, and Mr. Porter has not explained how the trial court erred in dismissing his complaint on that basis.  *See* App.R. 16(A)(7).

{¶9}    Accordingly, Mr. Porter's fifth assignment of error is overruled.

ASSIGNMENT OF ERROR VI

TRIAL COURT LACK[ED] JURISDICTION FROM INCEPTION[.]

{¶10} In Mr. Porter's sixth assignment of error, he appears to argue that the trial court lacked subject matter jurisdiction and hence his conviction and sentence are void. However, while Mr. Porter challenges the trial court's subject matter jurisdiction, he did not set forth any facts or arguments that would support this conclusion. *See* App.R. 16(A)(7). Instead, in his merit brief he argues that he met the statutory requirements for postconviction relief "and the state failed to meet R.C. 2903.11(A)(1)(A)(2) and should not have granted states['] motion to dismiss without allowing 14 days to reply,[ ]and converting to summary Judgment,[ ]with supporting affidavit,[ ]and allowing appellant discovery process[,] Ohio has open discovery and this proceeding[] is civil in nature." Thus, Mr. Porter's argument does not pertain to the trial court's subject matter jurisdiction. Instead Mr. Porter suggests that the trial court committed a procedural error in failing to allow him sufficient time to respond to the State's motion to dismiss.

{¶11} Mr. Porter did not set forth facts or arguments to support his stated assignment of error that the trial court lacked subject matter jurisdiction. Accordingly, his sixth assignment of error is overruled.

ASSIGNMENT OF ERROR I

FAILURE OF TRIAL COURT TO ENTER FINDINGS OF FACTS AND CONCLUSIONS OF LAW.

{¶12} Mr. Porter argues that the trial court was required to issue findings of fact and conclusions of law when it dismissed his motion. However, Mr. Porter filed his petition well outside the 180-day period provided by R.C. 2953.21(A)(2), and he did not demonstrate that he was unavoidably prevented from discovering the evidence upon which he relies. *See* R.C. 2953.23(A)(1). Thus, the trial court was not required to issue findings of facts of conclusions of law because the petition was untimely. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116,

2002-Ohio-7042, ¶ 6. *See also State v. Carter*, 9th Dist. No. 20572, 2001 WL 986210 (Aug. 29, 2001). Accordingly, Mr. Porter's first assignment of error is overruled.

III.

**{¶13}** Mr. Porter's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KENNETH PORTER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.