[Cite as *State v. Porter*, 2013-Ohio-1163.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26169 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEVIN PORTER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 07 2025 (C) |

## DECISION AND JOURNAL ENTRY

Dated: March 27, 2013

WHITMORE, Judge.

{¶1} Appellant, Kevin Porter, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In July 2009, Porter was indicted on felonious assault in violation of R.C. 2903.11(A)(1)/(A)(2), a felony of the second degree, and a firearm specification. After a bench trial, Porter was found guilty of felonious assault and sentenced to four years in prison. The court dismissed the firearm specification.

{¶3} Porter, through counsel, filed an appeal, arguing his conviction was against the manifest weight of the evidence. This Court affirmed his conviction on December 30, 2010. *State v. Porter*, 9th Dist. Nos. 25203 & 25204, 2010-Ohio-6504.

{¶4} In August 2011, Porter filed a "MOTION FOR IMMEDIATE DISCHARGE FROM CUSTODY Crim.R. 32(A)(1); AND LACK OF JURISDICTION." The State filed a

motion to dismiss, arguing Porter's motion was, in effect, an untimely petition for post-conviction relief. On August 22, 2011, the trial court agreed and dismissed Porter's motion because "[he] failed to comply with R.C. 2953.23."

{¶5} On October 5, 2011, Porter requested the trial court issue findings of fact and conclusions of law related to its August 22, 2011 order dismissing his motion for release. The State filed a memorandum in opposition. Porter's docket contains no order of the court on his request for findings of fact and conclusions of law.[1] Porter now appeals and raises six assignments of error for our review.

II

Assignment of Error Number One

FAILURE OF TRIAL COURT TO ENTER FINDINGS OF FACTS AND CONCLUSIONS OF LAW. (Sic.)

{¶6} In his first assignment of error, Porter argues that the trial court erred when it failed to issue findings of fact and conclusions of law, pursuant to R.C. 2953.21. We disagree.

{¶7} R.C. 2953.21(A)(2) provides that a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." Porter's trial transcript in his direct appeal was filed on April 6, 2010. Therefore, Porter had until October 4, 2010, to file his petition for post-conviction relief. However, Porter did not file his petition for post-conviction relief until August 18, 2011. It was, therefore, untimely.

---

[1] To the extent that Porter appeals from a judgment entry dated October 19, 2011, denying his request for findings of fact and conclusions of law, we note that no such order has been entered. Because Porter cannot appeal from a journal entry that does not appear on his docket, we limit our review to the August 22, 2011 entry denying his petition for post-conviction relief.

{¶8} A trial court may not entertain an untimely petition for post-conviction relief unless the petitioner shows that: (1) either he or she "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, [after the filing deadline], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and that the petition asserts a claim based on that right"; and (2) the petitioner shows that but for the constitutional error at trial, no reasonable fact-finder would have found petitioner guilty. R.C. 2953.23(A)(1)(a)-(b). Porter has made no argument that any of these conditions apply.

{¶9} If a petition for post-conviction relief is filed untimely, the trial court is not required to issue findings of fact and conclusions of law. *State v. Porter*, 9th Dist. No. 26168, 2013-Ohio-89, ¶12, citing *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, ¶ 6. Because Porter's petition was untimely, the court did not err when it did not issue findings of fact and conclusions of law. Accordingly, Porter's first assignment of error is overruled.

Assignment of Error Number Two

DENIAL OF CONSTITUTIONAL RIGHT UNDER SIXTH AMENDMENT FOR INEFFECTIVE ASSISTANCE OF COUNSEL, TRIAL AND APPELLATE[.] (Sic.)

Assignment of Error Number Three

FAILURE TO MEET THE ELEMENTS OF THE OFFENSE CHARGED. (Sic.)

Assignment of Error Number Four

ABUSE OF DISCRETION BY TRIAL COURT AS IN SENTENCE IS CONTRARY TO LAW. (Sic.)

Assignment of Error Number Five

ABUSE OF DISCRETION BY TRIAL COURT IN FAILURE TO FOLLOW STATUTORY PROVISIONS. (Sic.)

Assignment of Error Number Six

TRIAL COURT LACKED JURISDICTION FROM INCEPTION.

{¶10} In his second assignment of error, Porter argues that he was denied effective assistance of counsel in the trial court and on appeal. In his third assignment of error, Porter argues that his conviction for felonious assault is not supported by sufficient evidence. In his fourth, fifth, and sixth assignments of error, Porter challenges the validity of his sentence.

{¶11} "R.C. 2953.21 authorizes a person convicted of a criminal offense to petition the trial court to set aside the judgment or sentence." *State v. Hartman*, 9th Dist. No. 25055, 2010-Ohio-5734, ¶ 7. However, the court lacks jurisdiction to consider a petition for post-conviction relief if it fails to comply with the statutory requirements. *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 27. As discussed above, Porter failed to timely file his petition or establish that one of the conditions that would permit a late filing applies. Because Porter did not comply with the statutory requirements, the court lacked jurisdiction to consider his petition for post-conviction relief. Accordingly, the court did not err when it dismissed his petition. Porter's second, third, fourth, fifth, and sixth assignments of error are overruled.

III

{¶12} Porter's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

KEVIN PORTER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.