[Cite as *State v. Archey*, 2019-Ohio-2303.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29254 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARNELL E. ARCHEY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2007-09-3199 |

DECISION AND JOURNAL ENTRY

Dated: June 12, 2019

CARR, Judge.

{¶1} Appellant, Darnell Archey, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2008, Archey pleaded guilty to one count of kidnapping, two counts of rape, and one count of breaking and entering. The trial court found him guilty and imposed an aggregate 20-year prison sentence on those charges. The trial court further ordered that his sentence in this matter was to be served consecutive to a two-year prison sentence imposed in a separate criminal case. Though Archey did not file a direct appeal, he has unsuccessfully challenged his convictions by filing a number of motions in the trial court, including a motion to withdraw his plea and multiple petitions for post-conviction relief.

{¶3} On October 19, 2018, Archey filed a third petition for post-conviction relief pursuant to R.C. 2953.21. Archey raised a number of arguments in support of his petition,

including that he was prejudiced when trial counsel failed to move for the merger of certain offenses, that the trial court deviated from appropriate sentencing procedures, and that the indictment was invalid. The State filed a memorandum in opposition to the petition arguing that the trial court was barred from considering a successive petition for post-conviction relief, and, even if the trial court could consider the petition, all of the claims raised therein were barred under the doctrine of res judicata. The trial court issued an order denying the petition on November 14, 2018. Archey promptly filed a motion requesting that the trial court reconsider the matter. The trial court denied the motion for reconsideration.

{¶4} On appeal, Archey raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

TRIAL COUNSEL WAS INEFFECTIVE AND TRIAL COURT [ERRED] FOR FAILING TO MOTION AND/OR MERGE COUNTS PURSUANT TO R.C. []2941.25.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED APPELLANT ON CARBON COPY CHARGES[.]

{¶5} In his first assignment of error, Archey contends that trial counsel rendered ineffective assistance by failing to raise an allied offenses challenge at the time he was sentenced. In his second assignment of error, Archey contends that the indictment contained "[c]arbon [c]opy" charges in violation of his constitutional rights.

{¶6} Petitions for post-conviction relief that are untimely or successive are governed by R.C. 2953.23. A trial court is prohibited from entertaining an untimely petition for post-conviction relief unless the petitioner can demonstrate that (1) either the petitioner was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to

present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[;]" and (2) the petitioner demonstrates that but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a)-(b); *State v. Porter*, 9th Dist. Summit No. 26169, 2013-Ohio-1163, ¶ 8.

{¶7} In this case, Archey's petition for post-conviction relief was filed October 19, 2018, more than ten years after he was convicted and well beyond the window set forth in R.C. 2953.21(A)(2). The petition was also successive. Archey cited multiple cases in his petition in support of the proposition that the United States Supreme Court recently announced "the right to Effective Assistance of [Counsel] at the Critical Stage of Plea Bargaining." (Emphasis omitted.) As early as 1977, however, this Court recognized United States Supreme Court precedent establishing that plea bargaining is a critical stage of a criminal proceeding where the accused is entitled to counsel. *State v. Bonnell*, 9th Dist. Medina No. 707, 1977 WL 199158, *2 (December 21, 1977), citing *Kirby v. Illinois*, 406 U.S. 682 (1972) and *United States v. Ash*, 413 U.S. 300 (1973). Moreover, Archey has not addressed the requirements for filing untimely or successive petitions on appeal. Accordingly, as Archey has failed to satisfy the requirements of R.C. 2953.23(A)(1), the trial court lacked authority to consider his petition and properly denied him the requested relief.

{¶8} The first and second assignments of error are overruled.

III.

{¶9} Archey's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DARNELL E. ARCHEY, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.