[Cite as *State v. Shank*, 2019-Ohio-3418.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

STATE OF OHIO

    Appellee

    v.

PATRICK J. SHANK

    Appellant

C.A. No.     18CA0107-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12CR0696

DECISION AND JOURNAL ENTRY

Dated: August 26, 2019

CARR, Judge.

{¶1}    Defendant-Appellant Patrick Shank appeals the judgment of the Medina County Court of Common Pleas dismissing his petition for post-conviction relief. This Court affirms.

I.

{¶2}    In 2012, Shank was indicted on ten counts of rape in violation of R.C. 2907.02(A)(2), and two counts of rape in violation of R.C. 2907.02(A)(1)(c). At the time of the crimes, the victim was a minor who lived across the street from Shank and who used to babysit his children. *See State v. Shank*, 9th Dist. Medina No. 14CA0090-M, 2016-Ohio-7819, ¶ 8-13. Shank pleaded not guilty, waived his right to a jury trial, and the matter proceeded to a bench trial. The trial court found Shank guilty of rape as contained in counts one, two, and eight of the indictment, and guilty of the lesser included offense of sexual battery with respect to counts three through seven and nine through twelve of the indictment. The trial court sentenced Shank to an

aggregate of nine years of incarceration to be served consecutively to a sentence imposed in a prior, separate case.

{¶3} Shank timely appealed his convictions, raising five assignments of error. *See id.* at ¶ 3. The transcripts of proceedings were filed April 9, 2015. This Court affirmed the judgment of the trial court. *See id.* at ¶ 1.

{¶4} In July 2018, Shank filed a petition for post-conviction relief. The State opposed the petition and asserted it should be dismissed. Ultimately, the trial court dismissed the petition. In so doing, the trial court concluded the petition was untimely and the requirements of R.C. 2953.23(A)(1)(a)-(b) were not met.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE PETITION SO AS TO DEPRIVE PETITIONER OF HIS RIGHT TO DUE PROCESS AND RIGHT TO A FAIR TRIAL IN VIOLATION OF THE [SIXTH] AND [FOURTEENTH] AMENDMENTS [TO] THE UNITED STATES CONSTITUTION, AND ARTICLE [I] SECTION 5 OF THE OHIO CONSTITUTION[.]

{¶5} Shank argues in his sole assignment of error that the trial court abused its discretion in dismissing his petition for post-conviction relief.

{¶6} Neither side disputes that Shank's petition was untimely filed under R.C. 2953.21(A)(2). Instead, the dispute centers on whether Shank satisfied the requirements of R.C. 2953.23(A)(1), particularly, the first portion of R.C. 2953.23(A)(1)(a); Shank never asserted that he met the requirements of R.C. 2953.23(A)(2).

{¶7} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovtich*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. "[T]he question [of] whether a court

of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo." *Id.* at ¶ 24.

{¶8}    R.C. 2953.23(A)(1) states:

Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

*See also State v. Archey*, 9th Dist. Summit No. 29254, 2019-Ohio-2303, ¶ 6.

{¶9}    "[T]he post-conviction relief statute requires a defendant to have been unavoidably prevented from discovering *facts* that may create a claim for relief.  It does not afford a defendant a second chance to advance a legal argument that could have been raised upon the original trial record."  (Internal citation omitted.  Emphasis sic.)  *State v. Wharton*, 9th Dist. Summit No. 27656, 2015-Ohio-4566, ¶ 12.  Thus, "[a]wareness of the facts upon which a claimed deprivation of a right is based is the key to whether a petitioner meets the exception contained in R.C. 2953.23(A)(1).  "It is the awareness of the facts, not necessarily awareness of

the legal significance thereof, that matters." *State v. Meyers*, 9th Dist. Franklin No. 05AP-228, 2005-Ohio-5998, ¶ 33.

{¶10} Despite Shank's more extensive argument on appeal, his argument in his petition was much more limited. We will limit our discussion accordingly. Below, he asserted that the basis of his petition was that "[a]ppellate counsel failed to file any post conviction motions for relief, despite the glaring error of trial counsel in not presenting evidence of Shank['s] alibi, which clearly demonstrated Shank was working at the time of the alleged rape dated June 11, 2003." Shank further asserted that he "was unaware that this was the proper route until after the expiration [of the time limit in the statute.]" He maintained that "it was not until recently that [Shank] was able to obtain the necessary supportive documents for the instant motion." However, the barriers to Shank obtaining those documents were not detailed in the accompanying affidavits.

{¶11} In support of his motion, he submitted affidavits and supporting documentation from three individuals: his work supervisor, a friend who was involved in his post-conviction legal matters, and himself. While the supporting affidavits also pointed to alleged omissions from the trial transcript, there was no argument in the petition asserting that the omissions formed a basis to support the requirements of R.C. 2953.23(A)(1). Accordingly, that issue will not be further considered in this appeal.

{¶12} Shank failed to establish that he satisfied the requirements in R.C. 2953.23(A)(1). First, with respect to Shank's assertion that it was the ineffectiveness of Shank's appellate/post-conviction-relief counsel in failing to file a motion for post-conviction relief that resulted in his petition being untimely, "[w]e reject this argument outright, as there is no constitutional right to the effective assistance of post-conviction counsel." *State v. Wesson*, 9th Dist. Summit No.

28412, 2018-Ohio-834, ¶ 10. Moreover, Shank has not demonstrated that he was unavoidably prevented from discovering the facts upon which he sought to rely prior to the expiration of the time period in the statute. *See* R.C. 2953.23(A)(1)(a); *State v. Rogers*, 9th Dist. Summit No. 19885, 2000 WL 1072375, *2 (Aug. 2, 2000). Shank's own affidavit in support of his petition states that his post-conviction relief counsel "did not file any motions for post conviction relief, which would have included the issue of trial counsel's failure to introduce alibi evidence through his [supervisor.]" Thus, Shank's affidavit essentially acknowledges the facts he sought to rely on were available prior to the statutory deadline. In addition, the trial court record includes a notice of alibi pursuant to Crim.R. 12.1, a subpoena issued for the custodian of the records of Shank's place of employment to bring "[a]ny and all books, records, logs, wage reports, schedules, employee lists, financial documents, and other documents that confirm or dispute whether Patrick J. Shank * * * worked * * * during the following time periods: 6/1/03-6/30/03 and 4/1/04-9/1/04[,]" and a subpoena issued to Shank's supervisor. Thus, Shank has not demonstrated that the facts related to his alibi were not available prior to the expiration of the statutory deadline.

{¶13} While Shank referenced *State v. Martin*, 2d Dist. Montgomery No. 20024, 2004-Ohio-73, in a footnote in his petition in support of his argument, even assuming we agreed with *Martin*, we conclude Shank's situation is not comparable to the situation in *Martin*.

{¶14} Martin's post-conviction claim was that

his trial counsel unreasonably failed to call alibi witnesses who would have testified that he was with them when the crimes were committed. Although Martin obviously knew of the alibi and the identi[t]y of the individuals who would have supported it, he nevertheless argue[d] that he could not have raised the issue in a timely post-conviction petition. According to Martin, he was unavoidably prevented from discovering the facts upon which this claim depend[ed] because he lost contact with the alibi witnesses immediately after his conviction. Martin insist[ed] that he diligently tried to locate the witnesses but

could not do so. He contend[ed] they eventually contacted him in prison, providing affidavits to substantiate his claim, and he filed his petition promptly thereafter. Finally, Martin insist[ed] that his own affidavit (which include[d] the foregoing factual allegations) and the affidavits of the alibi witnesses constitute[d] clear and convincing evidence that the jury would not have convicted him but for his attorney's failure to call the witnesses at trial. As a result, Martin assert[ed] that he ha[d] satisfied both of the requirements set forth in R.C. § 2953.23(A).

*Id.* at ¶ 10.

{¶15} The Second District agreed with Martin's arguments. It concluded that "Martin was unavoidably prevented from discovering the facts upon which his claim relie[d], within the meaning of R.C. []2953.23(A)(1)(a), until he obtained affidavits from his alibi witnesses. Although Martin personally knew of the alleged ineffective assistance of counsel, he could not have established substantive grounds for relief without the affidavits. In addition, the affidavits attached to Martin's post-conviction relief petition establish[ed] (and the State [did] not dispute[]) that he could not have obtained the affidavits from the alibi witnesses sooner." *Id.* at ¶ 16.

{¶16} Here, none of the averments in the affidavits accompanying Shank's petition assert that Shank lost touch with his alibi witnesses or was otherwise prevented from contacting them. Thus, we conclude that *Martin* is inapplicable to the facts before us.

{¶17} Shank has not demonstrated that the trial court erred in dismissing his petition as untimely as he failed to demonstrate he met the requirements of R.C. 2953.23(A)(1). Shank's assignment of error is overruled.

### III.

{¶18} Shank's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RONALD STANLEY, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.