[Cite as *State v. West*, 2025-Ohio-703.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 24CA012156 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID WEST | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 21CR105411 |

DECISION AND JOURNAL ENTRY

Dated: March 3, 2025

CARR, Judge.

{¶1}     Appellant David West appeals, pro se, the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}     In 2021, West was indicted on two counts of operating a vehicle under the influence of alcohol or drugs (OVI) and one count of driving under suspension.  After pleading not guilty to the charges at arraignment, West entered into a plea agreement where he pleaded guilty to the indictment with the understanding that the State would recommend a community control sanction. West agreed that if he violated the terms of community control, the trial court would impose a 30-month prison sentence and, further, that the trial court would order that sentence to run consecutively to the prison sentences imposed in Case Nos. 21CR104123 and 21CR104319.  The trial court accepted West's guilty plea.  After finding that the two OVI counts were allied offenses, the trial court imposed a 120-day prison sentence along with a three-year community control

sanction. The trial court stated in its sentencing entry that West had been advised that if he violated the terms of community control, the trial court would impose a 30-month prison sentence that would run consecutively to the prison sentences imposed in his two other criminal cases.

{¶3} In 2023, the trial court held a merits hearing regarding whether West had violated his community control sanction. After finding that West had violated the terms of community control, the trial court imposed a prison sentence totaling 30 months. The trial court further ordered that the 30-month prison sentence in this case was to be served consecutively to sentences imposed in Case Nos. 21CR104123 and 21CR104319.

{¶4} On July 1, 2024, West filed a pro se motion to correct sentence, arguing that his sentence was contrary to law. The trial court denied the motion.

{¶5} On appeal, West raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

TRIAL COURT ERRED BY SENTENCING APPELLANT TO 30-MONTHS ON COMMUNITY CONTROL VIOLATION RENDERING HIS SENTENCE CONTRARY TO LAW.

{¶6} In his sole assignment of error, West argues that the trial court erred in denying his motion because his sentence was contrary to law. This Court disagrees.

{¶7} The original sentencing entry in this matter was journalized on April 28, 2022. Therein, the trial court noted that West had been advised that a violation of community control would result in the imposition of a 30-month prison sentence and that the trial court would order the 30-month sentence to run consecutively to West's sentences in his other criminal cases. West filed his motion to correct sentence on July 1, 2024, roughly eight months after the trial court had sentenced West for violating community control and more than two years after his original

sentencing. In support of his motion, West argued that the trial court failed to properly reserve the 30-month prison sentence at the time of his original sentencing. West further argued that the 30-month prison sentence was not authorized by law. The trial court summarily denied the motion.

{¶8} Because West's post-conviction motion was based on a series of due process challenges to his original sentence, we construe his motion seeking the correction of his sentence as a petition for post-conviction relief. "Where a criminal defendant, subsequent to his or her direct appeal or subsequent to the expiration of the time for appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Ferguson*, 1998 WL 417272, *1 (9th Dist. July 15, 1998); *see also State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. Despite the fact that the issues raised in West's petition pertained to his original sentencing in 2022, West did not file his petition until July 1, 2024, well outside the 365-day window set forth in R.C. 2953.21(A)(2)(a).

{¶9} "Petitions for post-conviction relief that are untimely or successive are governed by R.C. 2953.23." *State v. Archey*, 2019-Ohio-2303, ¶ 6 (9th Dist.). A trial court is prohibited from entertaining an untimely petition for post-conviction relief unless the petitioner can demonstrate that (1) either the petitioner was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[;]" and (2) the petitioner demonstrates that but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a)-(b); *State v. Porter*, 2013-Ohio-1163, ¶ 8 (9th Dist.).

**{¶10}** Notably, West did not address the requirements for filing an untimely petition. Accordingly, as West has failed to satisfy the requirements of R.C. 2953.23(A)(1), the trial court lacked authority to consider his petition and properly denied him the requested relief. Moreover, the doctrine of res judicata bars someone from raising a claim that was either raised or could have been raised and litigated in a prior proceeding. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). In this case, the issues that West identified in his motion could have been raised in a prior proceeding. Accordingly, West is now barred from raising those claims under the doctrine of res judicata.[1]

**{¶11}** West's assignment of error is overruled.

### III.

**{¶12}** West's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

---

[1] We further note that while West's argument pertains to the trial court's actions at the time of his original sentencing, West has not provided this Court with a copy of the sentencing transcript on appeal.

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P.J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAVID WEST, pro se, Appellant.

TONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.